# IN THE DISTRICT COURT
# FOR THE UNITED STATES OF AMERICA
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| EDWARD ALAN YEARTA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Civil Action No.: 2:17-cv-2117 SHM-egb |
| ) | JURY DEMAND |
| ) | |
| ) | |
| AMUSEMENTS OF AMERICA, INC.  ) | |
| and DELTA FAIR, INC.  ) | |
| ) | |
| Defendants.  ) | |

## ANSWER OF AMUSEMENTS OF AMERICA, INC. TO COMPLAINT

Defendant Amusements of America, Inc. ("AoA"), through its undersigned counsel, responds to Plaintiff Edward Alan Yearta's Complaint ("Complaint") as follows:

### JURISDICTION AND VENUE

1.  Upon information and belief, AoA admits the allegations contained in paragraph 1 of the Complaint.

2.  AoA admits that it is a New Jersey "domestic for-profit corporation." AoA further admits that Morris Vivona (1 Glen Drive, West Caldwell, New Jersey 07006) is one of AoA's registered agents. AoA denies that its principal place of business was located at 24 Federal Road, Monroe Township, New Jersey 08831-8017 on the date that the Complaint was filed.

3.  The allegations set forth in Paragraph 3 of the Complaint are not directed to AoA; therefore no response is required. To the extent a response is required, AoA admits that Delta Fair, Inc. is a Tennessee Corporation. AoA lacks sufficient knowledge or information to form a belief

1

as to the truth of the remaining allegations in Paragraph 3 of the Complaint and therefore denies same and demands strict proof thereof.

4. AoA admits the allegations contained in paragraph 4 of the Complaint.

5. Upon information and belief, AoA admits the allegations contained in paragraph 5 of the Complaint.

6. AoA admits the allegations contained in paragraph 6 of the Complaint.

7. AoA admits the allegations contained in paragraph 7 of the Complaint.

8. AoA admits the allegations contained in paragraph 8 of the Complaint. AoA denies, however, that Plaintiff is entitled to any of the relief or damages sought from AoA in the Complaint's Prayer for Relief.

9. AoA denies the allegations contained in paragraph 9 of the Complaint as to AoA.

10. AoA admits the allegations contained in paragraph 10 of the Complaint.

## BACKGROUND

11. AoA denies that it is *currently* "America's largest travelling amusement park." AoA admits the remaining allegations contained in paragraph 11 of the Complaint.

12. AoA admits the allegations contained in paragraph 12 of the Complaint.

13. AoA admits the allegations contained in paragraph 13 of the Complaint.

14. AoA admits the allegations contained in paragraph 14 of the Complaint.

15. AoA admits the allegations contained in paragraph 15 of the Complaint.

16. AoA admits the allegations contained in paragraph 16 of the Complaint.

17. AoA admits the allegations contained in paragraph 17 of the Complaint.

18. AoA admits the allegations contained in paragraph 18 of the Complaint.

19. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies same and demands strict proof thereof.

20. AoA admits the allegations contained in paragraph 20 of the Complaint.

21. AoA admits the allegations contained in paragraph 21 of the Complaint.

22. AoA admits the allegations contained in paragraph 22 of the Complaint.

23. AoA denies the allegations contained in paragraph 23 of the Complaint.

24. AoA admits the allegations contained in the first sentence of paragraph 24 of the Complaint. AoA denies the allegations contained in the second sentence of paragraph 24 of the Complaint.

25. AoA admits the allegations contained in paragraph 25 of the Complaint.

26. AoA denies the allegations contained in paragraph 26 of the Complaint.

27. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies same and demands strict proof thereof.

28. Upon information and belief, AoA admits the allegations contained in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied as the referenced statutory provision speaks for itself.

30. The allegations contained in paragraph 30 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

31. AoA admits that its employees and/or agents raised the Ring of Fire. AoA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint and therefore denies same and demands strict proof thereof.

32. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies same and demands strict proof thereof.

33. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies same and demands strict proof thereof.

34. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies same and demands strict proof thereof.

35. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies same and demands strict proof thereof.

36. AoA admits that emergency services were called to assist Plaintiff. AoA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint and therefore denies same and demands strict proof thereof.

37. AoA admits that emergency services were called to assist Plaintiff. AoA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint and therefore denies same and demands strict proof thereof.

38. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and therefore denies same and demands strict proof thereof.

39. AoA denies the allegations contained in paragraph 39 of the Complaint.

## WRONGS COMPLAINED OF THE DEFENDANT AMUSEMENTS OF AMERICA, INC.

40. The allegations contained in paragraph 40 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

41. The allegations contained in paragraph 41 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

42. The allegations contained in paragraph 42 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

43. The allegations contained in paragraph 43 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

44. The allegations contained in paragraph 44 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## WRONGS COMPLAINED OF THE DEFENDANT DELTA FAIR, INC.

45. To the extent the allegations contained in paragraph 45 of the Complaint are unrelated to AoA, no response is required. To the extent a response is required, the allegations are denied as to AoA.

46. To the extent the allegations contained in paragraph 46 of the Complaint are unrelated to AoA, no response is required. To the extent a response is required, the allegations are denied as to AoA.

47. To the extent the allegations contained in paragraph 47 of the Complaint are unrelated to AoA, no response is required. To the extent a response is required, the allegations are denied as to AoA.

## DAMAGES

48. AoA denies the allegations contained in paragraph 48 of the Complaint.

49. AoA denies the allegations contained in paragraph 49 of the Complaint.

## PRAYER FOR RELIEF

50. AoA denies that Plaintiff is entitled to the relief sought, or to any relief.

51. AoA denies that Plaintiff is entitled to the relief sought, or to any relief.

52. AoA denies that Plaintiff is entitled to the relief sought, or to any relief.

53. AoA denies that Plaintiff is entitled to the relief sought, or to any relief. AoA also respectfully demands a trial by jury.

## AFFIRMATIVE DEFENSES

AoA asserts the following affirmative defenses.

### First Defense

All allegations not previously admitted or denied by AoA are hereby categorically denied.

### Second Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Third Defense

Plaintiff has failed to assert a claim against an indispensable party.

### Fourth Defense

No acts or omissions on the part of AoA were the proximate cause of Plaintiff's alleged injuries.

### Fifth Defense

The direct and proximate result of the injuries allegedly sustained by the Plaintiff, if any, were the independent, intervening acts of other parties, including the Plaintiff and/or his employer.

### Sixth Defense

Individuals or entities other than AoA caused or contributed to the damages Plaintiff claims to have suffered.  Upon information and belief, Belle City Amusements, Inc. supplied the generator involved and it lacked sufficient grounding.  Any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing Plaintiff's alleged damages.

### Seventh Defense

Although liability is denied, AoA avers that any recovery to which the Plaintiff may be entitled is barred or reduced by the negligence of the Plaintiff or third parties or other responsible entities under the doctrine of comparative fault and that AoA is responsible for only that portion of fault properly allocated to it.

### Eighth Defense

Plaintiff's claims are barred because he assumed the risk of the injuries that he alleges he has suffered.

### Ninth Defense

Plaintiff's claims for damages are limited by the statutory caps set forth in the Tennessee Civil Justice Act of 2011.

### Tenth Defense

AoA hereby reserves the right to add, supplement, modify, change or amend any and all of its Affirmative Defenses as the facts and circumstances become known through further discovery and/or investigation.

WHEREFORE, having fully answered Plaintiff's Complaint, AoA respectfully requests that this Court dismiss with prejudice Plaintiff's Complaint in its entirety, enter judgment in favor of AoA, and award AoA its reasonable attorneys' fees, costs, expenses, and any other relief the Court deems just and proper.

Respectfully submitted,

/s/ *Kristine E. Nelson*
Kristine E. Nelson (33096)
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 (Fax)
knelson@blackmclaw.com
*Attorney for Amusements of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

Randall L. Kinnard, Esq.
The Woodlawn
127 Woodmont Boulevard
Nashville, TN 37205
(615) 297-1007
rkinnard@kcbattys.com
*Attorney for Plaintiff Edward Yearta*


Gregory L. Mast
Fields Howell, LLP
1180 W. Peachtree Street NE, Suite 1600
Atlanta, Georgia 30309
(404) 214-1250
gmast@fieldshowell.com
*Attorney for Defendant Delta Fair, Inc.*

/s/ *Kristine E. Nelson*