**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **EDWARD ALAN YEARTA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 2:17-cv-2117** |
| **vs.** | ) | |
| | ) | |
| | ) | **JURY DEMAND** |
| **AMUSEMENTS OF AMERICA, INC.;** | ) | |
| **DELTA FAIR, INC.; UNIVERSAL FAIRS,** | ) | |
| **LLC; and BELLE CITY AMUSEMENTS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### FIRST AMENDED COMPLAINT

---

COMES now the Plaintiff, Edward Alan Yearta, and files this First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B), and alleges as follows:

#### JURISDICTION AND VENUE

1.      Plaintiff Edward Alan Yearta (hereinafter referred to as "Edward Yearta," or "Plaintiff") is a citizen and resident of Brooks County, Georgia.

2.      Defendant Amusements of America, Inc. is a New Jersey "domestic for-profit corporation" with its principal place of business located at 225 Route 522, Bldg. B, Suite 202, Manalapan, New Jersey 07726.  Its registered agent is Morris Vivona, 1 Glen Drive, West Caldwell, New Jersey 07006.

3.      Defendant Delta Fair, Inc. is a Tennessee corporation with its principal office located at 12500 Highway 64, Eads, Tennessee 38028-9507.  Its registered agent is Mark D. Lovell, 2700 Collierville Arlington N, Eads, Tennessee 38028-9344.

4.      Defendant Universal Fairs, LLC is a Tennessee corporation with its principal office located at 12500 Highway 64, Eads, Tennessee 38028-9507.  Its registered agent is Mark D. Lovell, 2700 Collierville Arlington N, Eads, Tennessee 38028-9344.

5.      Defendant Belle City Amusements, Inc. is a Florida corporation with its principal office located at 1901 State Road 419, Longwood, FL 32750.  Its registered agent is Bradley J. Davis, 766 N. Sun Drive, 2000, Lake Mary, FL 32746.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), based upon diversity of citizenship of the parties.

7.      The Plaintiff is domiciled in Georgia.

8.      Defendant Amusements of America, Inc. is domiciled in New Jersey.

9.      Defendant Delta Fair, Inc. is domiciled in Tennessee.

10.      Defendant Universal Fairs, LLC is domiciled in Tennessee.

11.      Defendant Belle City Amusements, Inc. is domiciled in Florida.

12.      There is complete diversity of citizenship between the parties.  The amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS AND NO/100 CENTS ($75,000.00).

13.      This action arises from the wrongful conduct of the Defendants in Shelby County, Tennessee on August 30, 2016, and the personal injuries caused by Defendants upon Edward Yearta.

14.      Venue of this action lies in the Western District of Tennessee, Western Division, by virtue of 28 U.S.C. § 1391(b)(2).

## BACKGROUND

15.     Amusements of America, Inc. is a travelling amusement park, providing carnival midways, festivals, and celebrations in states east of the Mississippi River.

16.     Delta Fair, Inc. holds the Delta Fair & Music Festival annually in Shelby County, Tennessee.

17.     Universal Fairs, LLC promoted and produced the 2016 Delta Fair & Music Festival under agreement with Delta Fair, Inc.

18.     Delta Fair, Inc. contracted with Amusements of America, Inc. to provide rides and amusements in the carnival midway for the 2016 Delta Fair & Music Festival.

19.     Amusements of America, Inc. owns and operates more than 100 rides.  However, to ensure the carnival midway was fully utilized, Amusements of America, Inc. made arrangements for other companies to also provide amusements in the midway.  One of these companies was Prime Time Amusements, LLC ("Prime Time").

20.     As a part of their respective duties, Delta Fair, Inc., Universal Fairs, LLC, and/or Amusements of America, Inc. planned the midway for the 2016 Delta Fair & Music Festival before the fair opened.

21.     The midway was divided into spaces where amusements, rides, concessions, and other attractions would sit.

22.     Several days before the 2016 Delta Fair & Music Festival was to open to the public, Amusements of America, Inc. and others began setting up their rides and amusements in the spaces allocated to them.

23.     Prime Time was allocated a space in the lower midway (the "Prime Time Space") immediately adjacent to a space allocated to Amusements of America, Inc. (the "Amusements of America space").

24.     High-voltage power lines carrying 13,200 Volts of electric current ran approximately 35 feet overhead of these spaces.

25.     Amusements of America, Inc., Delta Fair, Inc. and/or Universal Fairs, LLC and their respective agents and/or employees marked out the intended location for the Ring of Fire in Amusements of America space.

26.     On or about the morning of August 30, 2016, Amusements of America, Inc. made arrangements to move the Ring of Fire to its Amusements of America space.

27.     The Ring of Fire is a vertical "thrill ride" consisting of a "loop" that, when operating, stands at least 58 feet tall.

28.     During transport, the Ring of Fire rests on a trailer in detached sections.

29.     During set up, the ride is hydraulically raised from the bed of the trailer to its full vertical position.  As the hydraulics raise the ride, the detached sections of the ride come together to form a ring.

30.     Amusements of America, Inc. moved the Ring of Fire into the carnival midway and dropped the ride's trailer at the previously marked location in the Amusements of America space.

31.      Amusements of America's employees and/or agents began to set up the Ring of Fire on this location by initiating the ride's hydraulics.

32.     At the same time, Edward Yearta, an employee of Prime Time, was setting up a ride called the "Alpine Bob" in the designated Prime Time Space.

33.     The Alpine Bob was powered by a nearby generator.

4

34.     This generator was owned by Belle City Amusements, Inc.

35.     Tennessee law, as provided in Tenn. Code Ann. § 50-3-1003, prohibits the "operation, erection or transportation" of any machinery or equipment within 10 feet of high-voltage overhead lines, except where certain steps have been taken to effectively guard against accidental contact.

36.     Amusements of America, Inc. and its employees and/or agents took none of the precautions enumerated by the statute to guard against accidental contact and acted in violation of Tenn. Code Ann. § 50-3-1003.

37.     As Amusements of America, Inc.'s employees and/or agents raised the Ring of Fire to its vertical position, the Ring of Fire struck a high-voltage power line 35 feet overhead.

38.     This resulted in an electrical overload that caused a 13,200 Volt current to flow into the generator owned by Belle City Amusements, Inc.

39.     The high-voltage current travelled from the BCA Generator and into the Alpine Bob as Edward Yearta stood at its controls.

40.     The high-voltage current surged through Edward Yearta's body.  The current entered through his right hand as he held the Alpine Bob's controls.  He became "frozen" to the Alpine Bob's controls.  He was electrocuted, immobilized, and in excruciating pain.  He suffered enormous physical injuries as a direct result.

41.     Finally, the current exited Edward Yearta's body by exploding out the bottom of his left foot.

42.     Edward Yearta managed to free himself from the controls of the Alpine Bob.  As he crawled off the Alpine Bob, his left foot and shoe were on fire.  He slumped on a nearby bench while bystanders rushed to his aid and they called 911.

5

43.     Edward Yearta was severely injured. Emergency personnel arrived and rushed him to a nearby hospital.

44.     Doctors at the hospital performed surgery on Edward Yearta's severely injured left foot.  Over the course of the next month, doctors performed two more surgeries before he could leave the hospital.

45.     Edward Yearta sustained permanent injuries and damages as the direct result of the Defendants' negligence.

## WRONGS COMPLAINED OF THE DEFENDANT AMUSEMENTS OF AMERICA, INC.

46.     Defendant Amusements of America, Inc. is vicariously liable under the doctrine of *respondeat superior* for the actions and omissions of any of its employees and/or agents (actual or apparent) who were negligent in causing the Plaintiff's injuries and damages.

47.     Defendant Amusements of America, Inc.'s employees and/or agents were negligent in their conduct because they:

A.     Failed to properly mark and place the Ring of Fire ride;

B.     Failed to pay attention to what they were doing;

C.     Failed to properly set up the Ring of Fire ride to avoid injury; and,

D.     Failed to use reasonable and due care to avoid the power line while setting up the Ring of Fire ride.

48.     In addition to the wrongful conduct of its employees and/or agents, Defendant Amusements of America, Inc. negligently caused Plaintiff's injuries when it:

A.     Failed to safely map out and plan the carnival midway;

B.     Failed to properly train its employees to safely set up its rides, including the Ring of Fire;

6

C.     Failed to establish, implement, and enforce sufficient policies, procedures, and guidelines for employees regarding the safe set up and operation of rides, including the Ring of Fire; and,

D.     Failed to properly mark and place the Ring of Fire ride.

49.     Defendant Amusements of America, Inc. and its employees and/or agents were further guilty of negligence *per se* when they operated, erected, or transported the Ring of Fire within 10 feet of high-voltage overhead lines in violation of Tenn. Code Ann. § 50-3-1003(a) because:

A.     The Ring of Fire is a type of machinery or equipment described in and governed by Tenn. Code Ann. § 50-3-1003(a);

B.     Edward Yearta belongs to the class of persons that Tenn. Code Ann. § 50-3-1003(a) was designed to protect;

C.     The physical injuries and damages Edward Yearta suffered are the type of injuries that Tenn. Code Ann. § 50-3-1003(a) was designed to prevent;

D.     The Defendant's negligence and failure to follow Tenn. Code Ann. § 50-3-1003(a) was a proximate cause of Edward Yearta's injuries.

50.     Amusements of America, Inc.'s negligence, on its own accord and/or by and through its employees and/or agents, was a direct, legal, and proximate cause of the Plaintiff's injuries and damages.

## **WRONGS COMPLAINED OF THE DEFENDANT DELTA FAIR, INC.**

51.     Defendant Delta Fair, Inc. is vicariously liable under the doctrine of *respondeat superior* for the actions and omissions of any of its employees and/or agents (actual or apparent),

which include but are not limited to Universal Fairs, LLC, who were negligent in causing the Plaintiff's injuries and damages.

52.     In addition to the wrongful conduct of its employees and/or agents, Defendant Delta Fair, Inc. was further negligent in its conduct because it:

      A.  Failed to safely map out and plan the carnival midway;

      B.  Failed to supervise the contractors setting up rides;

      C.  Failed to establish, implement, and enforce sufficient policies, procedures, and guidelines for the placement of rides and/or safety of patrons; and,

      D.  Failed to prohibit the placement of rides in locations where they could come into contact with power lines.

53.     Delta Fair, Inc.'s negligence, on its own accord and/or by and through its employees and/or agents, was a direct, legal, and proximate cause of the Plaintiff's injuries and damages.

## WRONGS COMPLAINED OF THE DEFENDANT UNIVERSAL FAIRS, LLC

54.     Defendant Universal Fairs, LLC is vicariously liable under the doctrine of *respondeat superior* for the actions and omissions of any of its employees and/or agents (actual or apparent) who were negligent in causing the Plaintiff's injuries and damages.

55.     In addition to the wrongful conduct of its employees and/or agents, Defendant Universal Fairs, LLC was further negligent in its conduct because it:

      A.     Failed to safely map out and plan the carnival midway;

      B.     Failed to supervise the contractors setting up rides;

      C.     Failed to establish, implement, and enforce sufficient policies, procedures, and guidelines for the placement of rides and/or safety of patrons; and,

        D.      Failed to prohibit the placement of rides in locations where they could come into contact with power lines.

56.      Universal Fairs, LLC's negligence, on its own accord and/or by and through its employees and/or agents, was a direct, legal, and proximate cause of the Plaintiff's injuries and damages.

## WRONGS COMPLAINED OF THE DEFENDANT BELLE CITY AMUSEMENTS, INC.

57.      Defendant Belle City Amusements, Inc. is vicariously liable under the doctrine of *respondeat superior* for the actions and omissions of any of its employees and/or agents (actual or apparent) who were negligent in causing the Plaintiff's injuries and damages.

58.      The Plaintiff adopts the allegations contained in Amusements of America, Inc.'s Answer and alleges that the Defendant Belle City Amusements, Inc. and/or its employees negligently supplied, maintained, and/or installed its generator such that it lacked sufficient "grounding."

59.      Adopting the allegations contained in Amusement of America, Inc.'s Answer, the Plaintiff alleges that the Defendant Belle City Amusements, Inc.'s negligence, on its own accord and/or by and through its employees and/or agents, was a direct, legal, and proximate cause of the Plaintiff's injuries and damages.

## DAMAGES

60.      As a direct, proximate, and legal result of the negligence of the Defendants, as more fully set forth above, Edward Yearta suffered severe injuries and damages.

61.      As a direct, proximate, and legal result of the negligence of the Defendants, as more fully set forth above, Edward Yearta has suffered damages including, but not limited to past and

future: pain and suffering, mental anguish, loss of enjoyment of life, disfigurement, loss of earning capacity, and medical expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against the Defendants as follows:

62.     Plaintiff prays that Defendants be held responsible for all of his damages, harms, and losses, and that the Court award a judgment against the Defendants and in favor of Plaintiff for compensatory damages in the amount of TWENTY-FIVE MILLION DOLLARS AND NO/100 CENTS ($25,000,000.00).

63.     Plaintiff prays for the costs associated with bringing this matter, including pre-judgment and post-judgment interest, and all other costs allowed under the law.

64.     Plaintiff prays for such other relief as this Court deems just, proper, and equitable.

65.     Plaintiff demands a trial by jury of all issues.


Respectfully submitted,

KINNARD, CLAYTON & BEVERIDGE


By: s/Randall L. Kinnard
      Randall L. Kinnard #4714
      The Woodlawn
      127 Woodmont Boulevard
      Nashville, TN  37205
      615-297-1007
      rkinnard@kbcattys.com
      *Attorneys for Plaintiff Edward Yearta*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served upon counsel by U.S. Mail, first class postage prepaid, and by e-mail as listed below:

Kristine E. Nelson
BLACK McLAREN JONES RYLAND &
GRIFFEE, P.C.
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535
knelson@blackmclaw.com
*Counsel for Defendant Amusements of America, Inc.*


Gregory L. Mast
FIELDS HOWELL LLP
1180 W. Peachtree Street, Suite 1600
Atlanta, GA 30309
(404) 214-1250
gmast@fieldshowell.com
*Counsel for Defendant Delta Fair, Inc.*


on this 2nd day of June, 2017.


_____

Randall L. Kinnard