# IN THE DISTRICT COURT
# FOR THE UNITED STATES OF AMERICA
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| EDWARD ALAN YEARTA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> AMUSEMENTS OF AMERICA, INC.; ) <br> DELTA FAIR, INC.; UNIVERSAL FAIRS, ) <br> LLC; and BELLE CITY AMUSEMENTS, ) <br> INC. ) <br> ) <br> Defendants. ) | Civil Action No.: 2:17-cv-2117 SHM-egb <br> JURY DEMAND |

## ANSWER OF AMUSEMENTS OF AMERICA, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND CROSS-CLAIM AGAINST BELLE CITY AMUSEMENTS, INC.

Defendant Amusements of America, Inc. ("AoA"), through its undersigned counsel, responds to Plaintiff Edward Alan Yearta's First Amended Complaint as follows:

## JURISDICTION AND VENUE

1. Upon information and belief, AoA admits the allegations contained in paragraph 1 of Plaintiff's First Amended Complaint.

2. AoA admits that it is a New Jersey "domestic for-profit corporation" with its principal place of business located at 225 Route 522, Bldg. B, Suite 202, Manalapan, New Jersey 07726. AoA further admits that Morris Vivona (1 Glen Drive, West Caldwell, New Jersey 07006) is one of AoA's registered agents.

3. The allegations set forth in Paragraph 3 of Plaintiffs First Amended Complaint are not directed to AoA; therefore no response is required. To the extent a response is required, AoA admits that Delta Fair, Inc. is a Tennessee Corporation. AoA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 3 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

4. The allegations set forth in Paragraph 4 of Plaintiff's First Amended Complaint are not directed to AoA; therefore no response is required. To the extent a response is required, AoA admits that Universal Fairs, LLC is a Tennessee Corporation. AoA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

5. The allegations set forth in Paragraph 5 of Plaintiff's First Amended Complaint are not directed to AoA; therefore no response is required. To the extent a response is required, AoA admits that Belle City Amusements, Inc. is a Florida Corporation. AoA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 5 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

6. AoA admits the allegations contained in paragraph 6 of Plaintiff's First Amended Complaint.

7. Upon information and belief, AoA admits the allegations contained in paragraph 7 of Plaintiff's First Amended Complaint.

8. AoA admits the allegations contained in paragraph 8 of Plaintiff's First Amended Complaint.

9. AoA admits the allegations contained in paragraph 9 of Plaintiff's First Amended Complaint.

10. AoA admits the allegations contained in paragraph 10 of Plaintiff's First Amended Complaint.

11. AoA admits the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint.

12. AoA admits the allegations contained in paragraph 12 of Plaintiff's First Amended Complaint. AoA denies, however, that Plaintiff is entitled to any of the relief or damages sought from AoA in the Prayer for Relief contained in Plaintiff's First Amended Complaint.

13. AoA denies the allegations contained in paragraph 13 of Plaintiff's First Amended Complaint as to AoA.

14. AoA admits the allegations contained in paragraph 14 of Plaintiff's First Amended Complaint.

## **BACKGROUND**

15. AoA admits the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint.

16. AoA admits the allegations contained in paragraph 16 of Plaintiff's First Amended Complaint.

17. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

18. AoA admits the allegations contained in paragraph 18 of Plaintiff's First Amended Complaint.

19. AoA admits the allegations contained in paragraph 19 of Plaintiff's First Amended Complaint.

20. AoA admits the allegations contained in paragraph 20 of Plaintiff's First Amended Complaint.

21. AoA admits the allegations contained in paragraph 21 of Plaintiff's First Amended Complaint.

22. AoA admits the allegations contained in paragraph 22 of Plaintiff's First Amended Complaint.

23. AoA admits the allegations contained in paragraph 23 of Plaintiff's First Amended Complaint.

24. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

25. AoA admits the allegations contained in paragraph 25 of Plaintiff's First Amended Complaint.

26. AoA admits the allegations contained in paragraph 26 of Plaintiff's First Amended Complaint.

27. AoA admits the allegations contained in paragraph 27 of Plaintiff's First Amended Complaint.

28. AoA denies the allegations contained in paragraph 28 of Plaintiff's First Amended Complaint.

29. AoA admits the allegations contained in the first sentence of paragraph 29 of Plaintiff's First Amended Complaint. AoA denies the allegations contained in the second sentence of paragraph 29 of Plaintiff's First Amended Complaint.

30. AoA admits the allegations contained in paragraph 30 of Plaintiff's First Amended Complaint.

31. AoA denies the allegations contained in paragraph 31 of Plaintiff's First Amended Complaint.

32. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

33. Upon information and belief, AoA admits the allegations contained in paragraph 33 of Plaintiff's First Amended Complaint.

34. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof. AoA avers, however, that Belle City Amusements, Inc. supplied the referenced generator and that it lacked sufficient grounding.

35. The allegations contained in paragraph 35 of Plaintiff's First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied as the referenced statutory provision speaks for itself.

36. The allegations contained in paragraph 36 of Plaintiff's First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

37. AoA admits that its employees and/or agents raised the Ring of Fire. AoA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 37 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

38. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

39. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

40. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

41. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

42. AoA admits that emergency services were called to assist Plaintiff. AoA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 42 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

43. AoA admits that emergency services were called to assist Plaintiff. AoA lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 43 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

44. AoA lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 of Plaintiff's First Amended Complaint and therefore denies same and demands strict proof thereof.

45. AoA denies the allegations contained in paragraph 45 of Plaintiff's First Amended Complaint.

## WRONGS COMPLAINED OF THE DEFENDANT AMUSEMENTS OF AMERICA, INC.

46. The allegations contained in paragraph 46 of Plaintiff's First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

47. The allegations contained in paragraph 47 of Plaintiff's First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

48. The allegations contained in paragraph 48 of Plaintiff's First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

49. The allegations contained in paragraph 49 of Plaintiff's First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

50. The allegations contained in paragraph 50 of Plaintiff's First Amended Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## WRONGS COMPLAINED OF THE DEFENDANT DELTA FAIR, INC.

51. To the extent the allegations contained in paragraph 51 of Plaintiff's First Amended Complaint are unrelated to AoA, no response is required. To the extent a response is required, the allegations are denied as to AoA.

52. To the extent the allegations contained in paragraph 52 of Plaintiff's First Amended Complaint are unrelated to AoA, no response is required. To the extent a response is required, the allegations are denied as to AoA.

53. To the extent the allegations contained in paragraph 53 of Plaintiff's First Amended Complaint are unrelated to AoA, no response is required. To the extent a response is required, the allegations are denied as to AoA.

### WRONGS COMPLAINED OF THE DEFENDANT UNIVERSAL FAIRS, LLC

54. To the extent the allegations contained in paragraph 54 of Plaintiff's First Amended Complaint are unrelated to AoA, no response is required. To the extent a response is required, the allegations are denied as to AoA.

55. To the extent the allegations contained in paragraph 55 of Plaintiff's First Amended Complaint are unrelated to AoA, no response is required. To the extent a response is required, the allegations are denied as to AoA.

56. To the extent the allegations contained in paragraph 56 of Plaintiff's First Amended Complaint are unrelated to AoA, no response is required. To the extent a response is required, the allegations are denied as to AoA.

### WRONGS COMPLAINED OF THE DEFENDANT BELLE CITY AMUSEMENTS, INC.

57. To the extent the allegations contained in paragraph 57 of Plaintiff's First Amended Complaint are unrelated to AoA, no response is required. To the extent a response is required, the allegations are denied as to AoA.

58. AoA admits that Plaintiff has adopted allegations contained in AoA's Answer filed on May 15, 2017.

59. AoA admits that Plaintiff has adopted allegations contained in AoA's Answer filed on May 15, 2017.

## DAMAGES

60. The allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, AoA denies that Plaintiff is entitled to recover any amount from AoA. AoA further denies any remaining allegations in this paragraph.

61. The allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, AoA denies that Plaintiff is entitled to recover any amount from AoA. AoA further denies any remaining allegations in this paragraph.

## PRAYER FOR RELIEF

62. AoA denies that Plaintiff is entitled to the relief sought in Paragraph 62 of Plaintiff's First Amended Complaint or to any other type of relief from AoA.

63. AoA denies that Plaintiff is entitled to the relief sought in Paragraph 63 of Plaintiff's First Amended Complaint or to any other type of relief from AoA.

64. AoA denies that Plaintiff is entitled to the relief sought in Paragraph 64 of Plaintiff's First Amended Complaint or to any other type of relief from AoA.

65. AoA denies that Plaintiff is entitled to the relief sought in Paragraph 65 of Plaintiff's First Amended Complaint or to any other type of relief from AoA. AoA also respectfully demands a trial by jury.

## AFFIRMATIVE DEFENSES

AoA asserts the following affirmative defenses:

### First Defense

All allegations not previously admitted or denied by AoA are hereby categorically denied.

### Second Defense

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

### Third Defense

Plaintiff has failed to assert a claim against an indispensable party.

### Fourth Defense

No acts or omissions on the part of AoA were the proximate cause of Plaintiff's alleged injuries.

### Fifth Defense

The direct and proximate result of the injuries allegedly sustained by the Plaintiff, if any, were the independent, intervening acts of other parties, including the Plaintiff and/or his employer.

### Sixth Defense

Individuals or entities other than AoA caused or contributed to the damages Plaintiff claims to have suffered. Upon information and belief, Belle City Amusements, Inc. supplied the generator involved and it lacked sufficient grounding. Any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing Plaintiff's alleged damages.

### Seventh Defense

Although liability is denied, AoA avers that any recovery to which the Plaintiff may be entitled is barred or reduced by the negligence of the Plaintiff or third parties or other responsible

entities under the doctrine of comparative fault and that AoA is responsible for only that portion of fault properly allocated to it.

### Eighth Defense

Plaintiff's claims are barred because he assumed the risk of the injuries that he alleges he has suffered.

### Ninth Defense

Plaintiff's claims for damages are limited by the statutory caps set forth in the Tennessee Civil Justice Act of 2011.

### Tenth Defense

AoA hereby reserves the right to add, supplement, modify, change or amend any and all of its Affirmative Defenses as the facts and circumstances become known through further discovery and/or investigation.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, AoA respectfully requests that this Court dismiss with prejudice Plaintiff's lawsuit in its entirety, enter judgment in favor of AoA, and award AoA its reasonable attorneys' fees, costs, expenses, and any other relief the Court deems just and proper.

### CROSS-CLAIM OF AMUSEMENTS OF AMERICA, INC. AGAINST DEFENDANT BELLE CITY AMUSEMENTS, INC.

Defendant Amusements of America, Inc. ("AoA"), by its undersigned attorney, for its cross-claim against Belle City Amusements, Inc. ("BCA"), states as follows:

1. AoA incorporates herein by reference its Answer to Plaintiff's First Amended Complaint and its Affirmative Defenses set forth above.

2. AoA is a corporation domiciled in New Jersey.

3. BCA is a corporation domiciled in Florida.

4. On July 24, 2016, AoA and BCA entered into an Independent Attraction Contract ("IAC") in connection with the 2016 Delta Fair in Memphis, Tennessee. A copy of the IAC is attached hereto as Exhibit A and is incorporated herein by reference.

5. Pursuant to the IAC, BCA agreed to provide certain amusement rides at the 2016 Delta Fair in Memphis, Tennessee. BCA also agreed to "keep and operate all Rides and Attractions in good and safe condition to comply with requirements established by AoA to promote safety. . . ." *See* IAC at ¶14.

6. Pursuant to the IAC, BCA agreed to indemnify, defend and hold harmless AoA, among others, against "any and all injuries, claims, losses or liabilities which result from any acts or omissions of [BCA] or of any [of its] employees, agents or subcontractors in connection with [BCA's] engagements hereunder." *See* IAC at ¶17

7. In connection with BCA's responsibilities under the IAC, BCA furnished and set up the generator that Prime Time Amusements, LLC used to power the Alpine Bob, as alleged in Plaintiff's First Amended Complaint. *See* ¶¶32-33 of Plaintiff's First Amended Complaint.

8. BCA was negligent in failing to properly set up the generator by not grounding same, thereby breaching its agreement with AoA to keep all equipment in good and safe condition. Upon information and belief, BCA's negligence was the direct and proximate cause of Plaintiff's alleged injuries.

9. As such, BCA is responsible under the IAC pursuant to its indemnity, defense and hold harmless provisions.

WHEREFORE, AOA demands indemnification, defense and/or contribution as appropriate against BCA, plus costs and interest and any other relief the Court deems just and proper.

Respectfully submitted,

/s/ **_Kristine E. Nelson_**
Kristine E. Nelson (33096)
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 (Fax)
knelson@blackmclaw.com
*Attorney for Amusements of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2017, the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's ECF system.


/s/ **_Kristine E. Nelson_**