IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EDWARD ALAN YEARTA,<br><br>    Plaintiff,<br><br>v.<br><br>AMUSEMENTS OF AMERICA, INC.; DELTA FAIR, INC.; UNIVERSAL FAIRS, LLC; and BELLE CITY AMUSEMENTS, INC.,<br><br>    Defendants. | Civil Action No.: 2:17-cv-2117 |

### DEFENDANT DELTA FAIR, INC.'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND CROSS-CLAIM AGAINST DEFENDANT BELLE CITY AMUSEMENTS, INC.

Defendant Delta Fair, Inc. ("Delta Fair"), by and through the undersigned counsel, files this Motion for Leave to File its proposed Amended Answer and CrossClaim Against Defendant Belle City Amusements, Inc. ("Belle City"), pursuant to Fed. R. Civ. P. 13(g) and 15(a)(2). Based on recently-conducted discovery, Delta Fair seeks this Court's leave to file an amended answer containing a crossclaim against Belle City for indemnity and defense. A copy of the proposed amended answer and crossclaim is attached hereto as Exhibit "A."

### I.    BRIEF FACTUAL BACKGROUND

Plaintiff filed suit against Defendants Amusements of America, Inc. ("AOA"), Delta Fair, Belle City, and Universal Fairs, LLC ("Universal Fairs") for damages arising out of injuries Plaintiff allegedly sustained when an electrical current ran through his body while he was setting up an amusement ride for the 2016 Delta Fair & Music Festival (the "Incident"). [Docs. 1, 25]. The Court issued an Amended Rule 16(b) Scheduling Order on May 11, 2018 [Doc. 66], following

the parties' Joint Motion to Amend the Scheduling Order [Doc. 60].[1] Pertinently, the Amended Scheduling Order set the deadline for Motions to Amend as June 15, 2018.

At the time of the Incident, Plaintiff was an employee of non-party PrimeTime Amusements, LLC ("PrimeTime"). Delta Fair was the promoter of the 2016 Delta Fair & Music Festival (the "2016 Fair"). Delta Fair contracted with Defendant AOA for rides, amusements, and equipment for the 2016 Fair. AOA, in turn, contracted with Belle City for rides, amusements, and equipment for the 2016 Fair. *See* Independent Attraction Contract ("IAC") between AOA and Belle City, a true and correct copy of which is attached as Exhibit "B." Delta Fair did not provide any rides for the 2016 Fair, nor was it responsible for placing or setting up any of the rides or equipment provided by AOA or Belle City. Belle City supplied and set up a generator that Plaintiff was using at the time of the Incident.

With its Answer, AOA filed a crossclaim against Belle City seeking indemnity and defense under the IAC based on the belief that Belle City failed to "ground" the generator Plaintiff was using at the time of the Incident. [Doc. 42 at ¶ 20]. AOA alleged, based solely on its own information and belief, that Plaintiff's injuries would not have arisen but for Belle City's failure to ground the generator. [Doc. 42 at ¶ 23]. The IAC provides that Belle City agreed to indemnify, defend, and hold harmless Delta Fair, AOA, and others, against "any and all injuries, claims, losses or liabilities which result from any acts or omissions of [Belle City] or of any [of its] employees, agents or subcontractors in connection with [Belle City's] engagements hereunder or which may otherwise arise in connection with [Belle City's] engagement hereunder." *See* Ex. B at ¶ 17.

---

[1] On July 24, 2018, the Court entered an Amended Scheduling Order [Doc. 79]. The relevant deadline to this Motion is not included in the July 24 Order, as the deadline had already passed. Thus, the relevant Scheduling Order for this Motion is Doc. 66.

2

Until recently, the allegations in AOA's crossclaim were Delta Fair's sole source of knowledge as to Belle City's alleged failure to ground the generator, as Delta Fair was not involved in setting up or placing the rides in the carnival midway. Delta Fair had no evidentiary basis for asserting a claim against Belle City. On or around June 25, 2018, after the deadline to amend pleadings, AOA provided discovery responses to Plaintiff's Interrogatories in which AOA stated that upon information and belief, Belle City's generator was not properly grounded at the time of the Incident. AOA's discovery responses specifically state that "Rob Vivona of AOA possesses knowledge regarding this issue."

Mr. Vivona was deposed on June 28, approximately two weeks after the Motions to Amend deadline, and he testified that following the Incident, Belle City's supervisor of operations at the 2016 Fair, Zachary Panacek, told him that Belle City had not grounded the generator at issue.[2] This was the first testimony of any witness with personal knowledge of Belle City's alleged failure to ground the generator.

On July 6, 2018, after Mr. Vivona's deposition and three weeks after the Amended Scheduling Order's deadline for filing Motions to Amend, Belle City provided belated responses to Plaintiff's discovery requests. In these responses, Belle City states that it "*assumes* the generator was grounded," because it was used to "temporarily power" other rides prior to the Incident. Belle City's Responses to Plaintiff's Interrogatories are attached hereto as Exhibit "C." Thus, the first evidence that Belle City's alleged failure to ground its generator caused Plaintiff's injuries—beyond the bare allegations made by AOA upon its own information and belief—came to light through discovery conducted *after* the Motions to Amend deadline had already passed. No

---

[2] None of Belle City's representatives have been deposed yet.

3

discovery has taken place since Mr. Vivona's deposition, and the Court recently extended numerous deadlines, including the discovery period.

Moreover, the scope of Plaintiff's alleged damages has recently changed. At Plaintiff's deposition, the defendants learned that Plaintiff may have to undergo amputation of his injured foot. This dramatically expands the scope of damage. While the defendants understood Plaintiff was still treating for his alleged injuries arising out of the Incident, the claim that amputation may be required is new.

## II.     LEGAL STANDARDS

Fed. R. Civ. P. 15 governs amended and supplemental pleadings. Pertinently, if a party seeks to amend its pleading more than 21 days after serving it, Fed. R. Civ. P. 15(a)(2) allows the party to amend its pleading with the court's leave. The rule provides that the Court "should freely give leave when justice so requires." *Id.*

Fed. R. Civ. P. 13(g), which governs crossclaims, states:

> Crossclaim Against a Coparty. A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

Under the Federal Rules, a crossclaim is permissive, and it must be stated as part of a pleading. *See Ward v. J.C. Penney Co., Inc.*, No. 14-2301-STA-dkv, 2015 WL 507998 at *1-*2 (W.D. Tenn. Feb. 6, 2015). Moreover, when a party seeks to file a crossclaim outside of the deadline set by the court for filing amended pleadings, the proper procedure is to first file a motion for leave to amend the pleadings pursuant to Rule 15(a)(2). *Id.* at *2.

4

### III. ARGUMENT AND CITATIONS TO AUTHORITY

Given the newly-established information—including Mr. Vivona's testimony that a Belle City supervisor told him the generator was not grounded and Belle City's discovery responses which establish Belle City does not know whether the generator was grounded at the time of the Incident—Delta Fair respectfully requests that this Court grant Delta Fair leave to file an Amended Answer and Crossclaim Against Belle City. A copy of Delta Fair's proposed amended answer and crossclaim is attached as Exhibit A.

Under the Federal Rules of Civil Procedure, the rights of all parties generally should be adjudicated in one action. *LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander*, 414 F.2d 143, 146 (6th Cir. 1969). The rules relating to crossclaims are to be liberally construed by a reviewing court. *See id.* Further, under F.R.C.P. 13(g), a crossclaim must arise out of the same transaction or occurrence that is the subject matter of the original action or of a counterclaim.

Here, Delta Fair's claims for indemnity and defense against Belle City arise out of Plaintiff's alleged injuries stemming from the Incident. Specifically, the IAC, which Belle City entered into for the 2016 Fair, explicitly provides that Belle City is obligated to indemnify, defend, and hold harmless Delta Fair, AOA, and others, against "any and all injuries, claims, losses or liabilities which result from any acts or omissions of [Belle City] or of any [of its] employees, agents or subcontractors in connection with [Belle City's] engagements hereunder or which may otherwise arise in connection with [Belle City's] engagement hereunder." *See* Ex. B at ¶ 17. To avoid multiple actions litigating Belle City's indemnification and defense obligations as to its co-defendants,[3] Delta Fair seeks this Court's permission to file its proposed crossclaim to resolve this

---

[3] If the Court denies the Motion, Delta Fair could separately sue Belle City. As the parties are diverse, Delta Fair may sue in this court and then seek consolidation of the related cases.

issue in the instant action. Moreover, as parties should be discouraged from bringing claims without a good faith basis, Delta Fair should not be denied justice, simply because it lacked any evidence to assert claims against Belle City within the time allowed to amend pleadings.

Delta Fair's request to amend its pleading and assert a crossclaim against Belle City at this time should be allowed, as justice so requires it. *See* F.R.C.P. 15(a)(2). Belle City has only recently responded to Plaintiff's discovery requests, and under the most recent scheduling order, the parties have until December 14, 2018, to complete discovery. [Doc. 79 at p. 1]. No representative of Belle City has been deposed yet, so Delta Fair's crossclaim will not involve duplication of any already-conducted depositions. Moreover, defendant AOA has brought a nearly-identical claim against Belle City. Resolution of both claims in the same lawsuit will significantly reduce the amount of time, expense, and duplication of effort that would be required should Delta Fair be forced to file its claim against Belle City in separate proceedings.

Finally, Plaintiff's scope of damages has dramatically expanded since the outset of this litigation. Plaintiff has maintained from the beginning of the lawsuit that he is still treating, but recently, there has been an indication that Plaintiff may require amputation, which is a significant escalation of future medical treatment. This enlargement of alleged damages directly affects Delta Fair's strategy with its co-defendants. Namely, Delta Fair's available insurance coverage may not be sufficient to address Plaintiff's expanded damages. This is precisely why Delta Fair was named in Belle City's indemnity provision. While Delta Fair had previously thought that it could resolve a dispute over quantum of attributable damages after this lawsuit has been resolved, it appears that that may not be an available option, given the scope of damages and Delta Fair's available insurance coverage.

## IV. CONCLUSION

To avoid piecemeal litigation and the time and expense to litigate amongst the defendants in this action after the completion of the action, Delta Fair respectfully requests that this Court grant it leave to file its Amended Answer and Crossclaim Against Belle City.

Respectfully submitted this 1st day of August, 2018.

| | |
|---|---|
| **FIELDS HOWELL LLP** <br> 1180 W. Peachtree Street, Suite 1600 <br> Atlanta, GA 30309 <br> Telephone: (404) 214-1250 <br> gmast@fieldshowell.com | /s/ *Gregory L. Mast* <br> Gregory L. Mast, Esq. <br> BPR No. 030681 <br><br> *Counsel for Defendant Delta Fair, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing **DEFENDANT DELTA FAIR, INC.'S MOTION TO FILE AMENDED ANSWER AND CROSSCLAIM AGAINST BELLE CITY AMUSEMENTS, INC.** on all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's ECF system.

This 1st day of August, 2018.

| | |
|---|---|
| **FIELDS HOWELL LLP** | /s/ *Gregory L. Mast* |
| 1180 W. Peachtree Street, Suite 1600 | Gregory L. Mast, Esq. |
| Atlanta, GA 30309 | BPR No. 030681 |
| Telephone: (404) 214-1250 | |
| gmast@fieldshowell.com | *Counsel for Defendant Delta Fair, Inc.* |