EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| EDWARD ALAN YEARTA, | |
| Plaintiff, | |
| v. | Civil Action No.: 2:17-cv-2117 |
| AMUSEMENTS OF AMERICA, INC.; DELTA FAIR, INC.; UNIVERSAL FAIRS, LLC; and BELLE CITY AMUSEMENTS, INC., | |
| Defendants. | |

**DEFENDANT DELTA FAIR, INC.'S PROPOSED AMENDED ANSWER AND
CROSSCLAIM AGAINST BELLE CITY AMUSEMENTS, INC.**

Defendant Delta Fair, Inc. ("Delta Fair"), by and through the undersigned counsel, files its Amended Answer and Cross-Claim, showing the Court as follows:

**FIRST DEFENSE**

As a First Defense, Delta Fair responds to the allegations of the Plaintiff's First Amended Complaint as follows:

**JURISDICTION AND VENUE**

1.      Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint and, thus, denies the same.

2.      Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint and, thus, denies the same.

3.      Delta Fair admits the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

4.      Delta Fair admits the allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint.

5.      Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint and, thus, denies the same.

6.      Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint and, thus, denies the same.

7.      Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's First Amended Complaint and, thus, denies the same.

8.      Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's First Amended Complaint and, thus, denies the same.

9.      Delta Fair admits the allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint.

10.      Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of Plaintiff's First Amended Complaint and, thus, denies the same.

11.      Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint and, thus, denies the same.

12.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's First Amended Complaint and, thus, denies the same.

13.     Delta Fair denies that it engaged in any wrongful conduct on or around August 30, 2016, or in any way related to the alleged personal injuries sustained by Plaintiff Edward Yearta. Delta Fair lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint and, thus, denies the same.

14.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint and, thus, denies the same.

## **BACKGROUND**

15.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint and, thus, denies the same.

16.     Delta Fair admits the allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint.

17.     Delta Fair denies the allegations in Paragraph 17 of Plaintiff's First Amended Complaint.

18.     Delta Fair admits the allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint.

19.     Delta Fair admits that Amusements of America, Inc. engaged Prime Time Amusements, LLC to provide amusements in the midway of the 2016 Delta Fair & Music Festival.

Delta Fair lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint and, thus, denies the same.

20.     Delta Fair denies that Delta Fair, Inc. or Universal Fairs, LLC planned the midway for the 2016 Delta Fair & Music Festival before the fair opened. Delta Fair lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint and, thus, denies the same.

21.     Delta Fair admits the allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint.

22.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint and, thus, denies the same.

23.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint and, thus, denies the same.

24.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint and, thus, denies the same.

25.     Delta Fair denies that Delta Fair, Inc., Universal Fairs, LLC, or any of their respective agents and/or employees marked out the intended location for the Ring of Fire. Delta Fair lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint and, thus, denies the same.

26.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint and, thus, denies the same.

27.     Delta Fair admits that the Ring of Fire is a vertical "thrill ride" consisting of a "loop." Delta Fair lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint and, thus, denies the same.

28.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint and, thus, denies the same.

29.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint and, thus, denies the same.

30.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of Plaintiff's First Amended Complaint and, thus, denies the same.

31.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint and, thus, denies the same.

32.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint and, thus, denies the same.

33.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint and, thus, denies the same.

34.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint and, thus, denies the same.

35.     The allegations in Paragraph 35 of Plaintiff's First Amended Complaint are questions of statutes, to which no response is required. To the extent a response is required, Delta Fair denies any and all allegations to the extent inconsistent with Tenn. Code Ann. § 50-3-1003.

36.     Paragraph 36 of Plaintiff's First Amended Complaint is directed at Defendant Amusements of America, Inc. and, thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations.

37.     Paragraph 37 of Plaintiff's First Amended Complaint is directed at Defendant Amusements of America, Inc. and, thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations.

38.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint and, thus, denies the same.

39.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint and, thus, denies the same.

40.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint and, thus, denies the same.

41.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint and, thus, denies the same.

42.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint and, thus, denies the same.

43.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint and, thus, denies the same.

44.     Delta Fair lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 44 of Plaintiff's First Amended Complaint and, thus, denies the same.

45.     The allegations in Paragraph 45 of Plaintiff's First Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Delta Fair denies any and all allegations.

## WRONGS COMPLAINED OF THE DEFENDANT AMUSEMENTS OF AMERICA, INC.

46.     Paragraph 46 of Plaintiff's First Amended Complaint is directed at Defendant Amusements of America, Inc., and thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations.

47.     Paragraph 47, including subparts A. through D., of Plaintiff's First Amended Complaint is directed at Defendant Amusements of America, Inc., and thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations.

48.     Paragraph 48, including subparts A. through D., of Plaintiff's First Amended Complaint is directed at Defendant Amusements of America, Inc., and thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations.

49.     Paragraph 49, including subparts A. through D., of Plaintiff's First Amended Complaint is directed at Defendant Amusements of America, Inc., and thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations.

50.     Paragraph 50 of Plaintiff's First Amended Complaint is directed at Defendant Amusements of America, Inc., and thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations.

## WRONGS COMPLAINED OF THE DEFENDANT DELTA FAIR, INC.

51.     The allegations in Paragraph 51 of Plaintiff's First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Delta Fair denies all allegations.

52.     The allegations in Paragraph 52 of Plaintiff's First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Delta Fair denies all allegations, including any allegations in subparts A. through D.

8

53.     The allegations in Paragraph 53 of Plaintiff's First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Delta Fair specifically denies that it or its employees and/or agents in any way caused Plaintiff's alleged injuries. Delta Fair denies any remaining allegations in this paragraph.

**WRONGS COMPLAINED OF THE DEFENDANT UNIVERSAL FAIRS, LLC**

54.     Paragraph 54 of Plaintiff's First Amended Complaint is directed at Defendant Universal Fairs, LLC, and thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations.

55.     Paragraph 55, including subparts A. through D., of Plaintiff's First Amended Complaint is directed at Defendant Universal Fairs, LLC, and thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations.

56.     Paragraph 56 of Plaintiff's First Amended Complaint is directed at Defendant Universal Fairs, LLC, and thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations.

**WRONGS COMPLAINED OF THE DEFENDANT BELLE CITY AMUSEMENTS, INC.**

57.     Paragraph 57 of Plaintiff's First Amended Complaint is directed at Defendant Belle City Amusements, Inc., and thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations.

58.     Paragraph 58 of Plaintiff's First Amended Complaint is directed at Defendant Belle City Amusements, Inc., and thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations, including any allegations against Delta Fair made in Defendant Amusement of America, Inc.'s Answer.

59.     Paragraph 59 of Plaintiff's First Amended Complaint is directed at Defendant Belle City Amusements, Inc., and thus, no response is required by Delta Fair. To the extent this paragraph makes allegations against Delta Fair or requires a response, Delta Fair denies any and all allegations, including any allegations against Delta Fair made in Defendant Amusement of America, Inc.'s Answer.

## DAMAGES

60.     The allegations in Paragraph 60 of Plaintiff's First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Delta Fair specifically denies that Plaintiff is entitled to recover anything from Delta Fair. Delta Fair denies any remaining allegations in this paragraph.

61.     The allegations in Paragraph 61 of Plaintiff's First Amended Complaint are legal conclusions to which no response is required. To the extent a response is required, Delta Fair specifically denies that Plaintiff is entitled to recover anything from Delta Fair. Delta Fair lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 61 and, thus, denies the same.

## PRAYER FOR RELIEF

62.     The prayer for relief contained in Paragraph 62 of Plaintiff's First Amended Complaint does not contain any allegations against Delta Fair, and thus, no response is required.

To the extent a response is required, Delta Fair specifically denies that Plaintiff is entitled to recover compensatory damages of $25 million, or damages of any other type or amount, against Delta Fair. Delta Fair denies any remaining allegations contained in this paragraph.

63.     The prayer for relief contained in Paragraph 63 of Plaintiff's First Amended Complaint does not contain any allegations against Delta Fair, and thus, no response is required. To the extent a response is required, Delta Fair denies that Plaintiff is entitled to recover any amount against Delta Fair, including pre-judgment and post-judgment interest or any other costs permitted under the law.

64.     The prayer for relief contained in Paragraph 64 of Plaintiff's First Amended Complaint does not contain any allegations against Delta Fair, and thus, no response is required. To the extent a response is required, Delta Fair denies that Plaintiff is entitled to any relief against Delta Fair.

65.     The prayer for relief contained in Paragraph 65 of Plaintiff's First Amended Complaint does not contain any allegations against Delta Fair, and thus, no response is required. To the extent a response is required, Delta Fair denies that Plaintiff is entitled to recover any amount against Delta Fair.

## SECOND DEFENSE

Delta Fair denies any and all remaining allegations set forth in Plaintiff's First Amended Complaint. All allegations of the Complaint not specifically admitted herein are denied.

## THIRD DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted. Therefore, the Complaint should be dismissed.

11

## **FOURTH DEFENSE**

Delta Fair's acts or omissions were not the proximate cause of Plaintiff's alleged injuries.

## **FIFTH DEFENSE**

Plaintiff's alleged injuries may have resulted from an independent, intervening, and/or superseding cause unrelated to any act or omission on the part of Delta Fair.

## **SIXTH DEFENSE**

Plaintiff's claims are barred because Plaintiff had equal and/or superior knowledge of the alleged hazard, or the alleged condition was open and obvious.

## **SEVENTH DEFENSE**

Plaintiff's claims are limited or barred because Plaintiff is fifty percent or more responsible for his alleged damages. Tenn. R. Civ. P. 8.03.

## **EIGHTH DEFENSE**

Plaintiff's claims were caused wholly or in part by other parties, and therefore, the Plaintiff's alleged damages must be apportioned according to each parties' fault, including but not limited to other parties to this lawsuit. T.C.A. § 29-11-07(a).

## **NINTH DEFENSE**

Plaintiff's claims are barred because Plaintiff assumed the risk, implicitly or explicitly, of the injuries of which he now complains.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Delta Fair requests that Plaintiff's claims be dismissed with prejudice; that judgment be rendered in favor of Delta Fair and against the Plaintiff; that the Plaintiff recovers nothing against Delta Fair in this action; that Plaintiff be assessed with all costs of this action; that Delta Fair be given a trial by jury

on all issues; and that Delta Fair be granted such other and further relief as the Court deems just and proper.

## PROPOSED CROSSCLAIM AGAINST
## DEFENDANT BELLE CITY AMUSEMENTS, INC.

1.　　In this action, Plaintiff Edward Alan Yearta ("Plaintiff") seeks to recover against Defendant Delta Fair, Inc. ("Delta Fair") and other defendants for alleged injuries arising out of the alleged negligence of the defendants during the setup of the 2016 Delta Fair & Music Festival (the "2016 Fair") which he claims "was a direct, legal, and proximate cause of [his] injuries and damages" [*See* Doc. 25]

2.　　Plaintiff alleges that on approximately August 30, 2016, Plaintiff, an employee of Prime Time Amusements, LLC, was setting up a ride called the Alpine Bob at the 2016 Fair and was electrocuted and suffered physical injuries after the Ring of Fire, a ride being erected by Amusements of America ("AOA") employees/agents, allegedly came into contact with a high-voltage powerline 35 feet overhead. Plaintiff alleges that after this alleged contact, the current from the high-voltage power line flowed into a generator supplied by Belle City Amusements ("Belle City"), which at the time was supplying power to the Alpine Bob and the Ring of Fire, allegedly electrocuting and injuring Plaintiff while he stood at the controls of the Alpine Bob. Plaintiff alleges that Belle City "negligently supplied, maintained, and/or installed its generator such that it lacked sufficient 'grounding.'" *Id.*

3.　　In this crossclaim, Delta Fair seeks indemnification and defense from Belle City as the supplier of the generator used to power the Alpine Bob and the Ring of Fire and as the entity which was responsible for the generator's setup. Delta Fair's claim for indemnification and defense arises out of contract.

13

**Parties**

4.      Delta Fair is a Tennessee corporation with its principal office located at 12500 Highway 64, Eads, Tennessee 38028-9507. Its registered agent is Mark D. Lovell, 2700 Collierville Arlington N, Eads, Tennessee 38028-9344

5.      Belle City is a Florida corporation with its principal place of business located at 1901 State Road 419, Longwood, FL 32750.

**Factual Background**

6.      Delta Fair sponsored the 2016 Fair, which took place in Shelby County, Tennessee.

7.      Delta Fair contracted with AOA to procure amusements, rides, and concessions for the carnival midway at the 2016 Fair.

8.      AOA contracted with other companies, including Belle City, to provide rides and/or equipment for the 2016 Fair.

9.      Upon information and belief, before July 24, 2016, representatives of AOA and Belle City had oral discussions regarding the amusement rides and necessary equipment that Belle City would provide and set up at the 2016 Fair. These discussions included Belle City's commitment to bring certain amusement rides, as well as a generator.

10.      On July 24, 2016, AOA and Belle City entered into an Independent Attraction Contract ("IAC") in connection with the 2016 Fair. A copy of the IAC is attached hereto as Exhibit "1."

11.      Pursuant to the IAC, Belle City agreed to provide certain amusement rides at the 2016 Fair. *See* Ex. 1 at ¶ 3.

12.     Belle City also agreed to "keep and operate all Rides and Attractions in good and safe condition and to comply with requirements established by [AOA] to promote safety. . . ." *See* Ex. 1 at ¶ 14. The full provision reads as follows:

> SUBCONTRACTOR agrees to keep and operate all Rides and Attractions in good and safe condition and to comply with requirements established by AMUSEMENTS OF AMERICA to promote safety and to permit AMUSEMENTS OF AMERICA to have free access to said Rides and Attractions at all times for the purpose of ascertaining compliance with the provisions of this Contract. SUBCONTRACTOR'S equipment must meet the standards set by AMUSEMENTS OF AMERICA for a clean and presentable appearance and should present photographs to attest to same.

13.     Pursuant to the IAC, Belle City agreed to indemnify, defend, and hold harmless Delta Fair, among others, against "any and all injuries, claims, losses or liabilities which result from any acts or omissions of [Belle City] or of any [of its] employees, agents or subcontractors in connection with [Belle City's] engagements hereunder or which may otherwise arise in connection with [Belle City's] engagement hereunder." *See* Ex. 1 at ¶ 17. The full provision reads as follows:

> SUBCONTRACTOR further agrees to indemnify and defend AMUSEMENTS OF AMERICA, VIVONA FAMILY ENTERTAINMENT, DELTA FAIR INC., AGRICENTER INTERNATIONAL, SHELBY COUNTY GOVERNMENT and its officers, employees, agents and other subcontractors for, and to hold AMUSEMENTS OF AMERICA, VIVONA FAMILY ENTERTAINMENT, DELTA FAIR INC., AGRICENTER INTERNATIONAL, SHELBY COUNTY GOVERNMENT and its officers, employees, agents and other subcontractors harmless against, any and all injuries, claims, losses or liabilities which result from any acts or omissions of SUBCONTRACTOR or of any SUBCONTRACTOR'S employees, agents or subcontractors in connection with the engagements hereunder or which may otherwise arise in connection with the SUBCONTRACTOR'S engagement hereunder.

14.     Delta Fair was not involved in placing or setting up any of the rides or equipment in the carnival midway.

15

15.     On August 30, 2016, AOA and/or Belle City's employees/agents set up the amusement rides, pursuant to the IAC.

16.     According to Rob Vivona of AOA and in fact, on August 30, 2016, Belle City's employees/agents set up the generator used by Plaintiff at the time of the incident which allegedly caused his injuries.

17.     On the same date, Prime Time's employees/agents, including Plaintiff, were setting up an amusement ride known as the Alpine Bob in the carnival midway.

18.     On the same date, AOA's employees/agents were setting up an amusement ride known as the Ring of Fire in an adjacent space in the carnival midway.

19.     The Alpine Bob and the Ring of Fire were both powered by a nearby generator supplied by Belle City and set up by Belle City in the carnival midway.

20.     According to Rob Vivona of AOA and in fact, when Belle City's employees/agents set up the generator in the carnival midway, they did not take the appropriate and necessary steps to ensure that the generator was properly grounded to prevent injury to its own employees and to others.

21.     Plaintiff's First Amended Complaint alleges that during the 2016 Fair setup on August 30, 2016, current of 13,200 volts "flow[ed] into the generator owned by [Belle City] and "[t]he high-voltage current travelled from the [Belle City] Generator and into the Alpine Bob as [Plaintiff] stood at its controls." [Doc. 25 at ¶¶ 38-39].

22.     Plaintiff's First Amended Complaint further alleges that, as a result of the alleged voltage flowing into the controls of the Alpine Bob where Plaintiff stood, Plaintiff "was electrocuted, immobilized, and in excruciating pain" and "suffered enormous physical injuries as a direct result." *Id.* at ¶ 40.

16

23.     Upon information and belief, Plaintiff's alleged injuries would not have arisen but for Belle City's failure to properly ground its generator for the 2016 Fair.

24.     Plaintiff's First Amended Complaint therefore asserts injuries, claims, losses or liabilities which result from any acts or omissions of Belle City or of any of its employees, agents or subcontractors in connection with Belle City's engagements under the IAC or which may otherwise arise in connection with Belle City's engagement under the IAC.

## COUNT 1—INDEMNITY AND DEFENSE (CONTRACT)

25.     Delta Fair realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26.     AOA and Belle City entered into the IAC in connection with the 2016 Fair.

27.     Pursuant to the IAC, Belle City agreed to indemnify, defend, and hold harmless Delta Fair, among others, against any and all injuries, claims, losses or liabilities which result from any acts or omissions of Belle City or of any of its employees, agents or subcontractors in connection with Belle City's engagements under the IAC or which may otherwise arise in connection with Belle City's engagement under the IAC. Ex. 1 at ¶ 17.

28.      Belle City must defend Delta Fair under the IAC in connection with Plaintiff's claims in this action.

29.     To the extent Delta Fair is found liable for any injuries, claims, losses or liabilities in this lawsuit, which Delta Fair denies, or Delta Fair enters into a settlement in connection with this action, Belle City must indemnify Delta Fair under the IAC in connection with Plaintiff's claims in this action.

30.     To the extent Delta Fair is found liable for any injuries, claims, losses or liabilities in this lawsuit, which Delta Fair denies, or Delta Fair enters into a settlement in connection with

17

this action, Belle City must hold Delta Fair harmless under the IAC in connection with Plaintiff's claims in this action.

31.     In the event that Plaintiff is able to recover any portion of his alleged damages, in settlement or otherwise, from Delta Fair —which damages Delta Fair denies—then Belle City should be held responsible for such loss.

32.     Belle City is responsible for all costs and fees, including attorney's fees, incurred by Delta Fair in the defense of this action.

WHEREFORE, Delta Fair is entitled to a judgment holding Belle City responsible for (i) any loss incurred by Delta Fair in the event Plaintiff is able to recover any part of his alleged damages from Delta Fair —which damages Delta Fair denies; (ii) any amount paid by Delta Fair in partial or complete settlement of this action; (iii) all costs and fees, including attorney's fees, incurred by Delta Fair in the defense of this action; and (iv) interest and any other relief the Court deems just and proper

Respectfully submitted this 1st day of August, 2018.


**FIELDS HOWELL LLP**              /s/ *Gregory L. Mast*
1180 W. Peachtree Street, Suite 1600     Gregory L. Mast, Esq.
Atlanta, GA 30309                  BPR No. 030681
Telephone: (404) 214-1250
gmast@fieldshowell.com             *Counsel for Defendant Delta Fair, Inc.*

# EXHIBIT 1

**AMUSEMENTS OF AMERICA**
**24 FEDERAL ROAD**
**MONROE TWP., NJ 08831-8017**

## INDEPENDENT ATTRACTION CONTRACT

OWNER-OPERATOR hereinafter designated as SUBCONTRACTOR

SUBCONTRACTOR name:     Belle City Amusements Inc.

SUBCONTRACTOR address:

P.O. Box 6269
Deltona, FL  32728

SUBCONTRACTOR'S Federal Tax ID/Social Security Number: 390851449

1. This contract is for the period from **Sept. 2 – 11, 2016 at the Delta Fair in Memphis, TN**

2. AMUSEMENTS OF AMERICA shall pay SUBCONTRACTOR __$███████ ████████████████████) as a guarantee for their rides.

3. SUBCONTRACTOR shall provide the following amusement rides at the approved guarantees:

1)Moonraker - $█████
2)Drop Zone - $█████
3)Tornado - $█████
4)Crazy Plane - $█████
5)Berry Go Round - $█████
6)Free Fall - $█████
7)Mini Enterprise - $█████
8) Peter & Paul - $█████
For a total of $█████ for all eight rides.
Any additional rides and/or substitutions to this list to be approved by Amusements of America.

4. AMUSEMENTS OF AMERICA shall have the option of furnishing a ticket taker at each of the SUBCONTRACTOR'S attractions.

5. SUBCONTRACTOR IS OBLIGATED TO HONOR ALL COMPLIMENTARY TICKETS WITH ALL POSSIBLE COURTESY. IF NOT, AMUSEMENTS OF AMERICA RESERVES THE RIGHT TO CANCEL THIS CONTRACT WITHOUT NOTICE AND WITHOUT PENLTY.

6. All taxes, including but not limited to Federal, State, County, Municipal, Excise or Amusement Taxes, shall be the obligation of the SUBCONTRACTOR, but said taxes shall be deducted from the gross receipts and shall not be included for the purpose of computing the percent due AMUSEMENTS OF AMERICA.

7. AMUSEMENTS OF AMERICA is not in any way liable for losses resulting from fire, theft, windstorm, or any damage to the SUBCONTRACTOR'S property.

8. SUBCONTRACTOR will furnish satisfactory proof of Worker's Compensation Insurance.

9. AMUSEMENTS OF AMERICA will designate the location of all attractions on the grounds. SUBCONTRACTOR agrees to operate its Rides and Attractions for admission charges approved by AMUSEMENTS OF AMERICA and at reduced prices designated by AMUSEMENTS OF AMERICA during matinees, special promotions and on children's or senior citizen's days.

10. SUBCONTRACTOR will make certain that all of its employees are clean, neat and wearing AMUSEMENTS OF AMERICA uniforms and identification while working on or in its Rides or Attractions. Uniforms will be provided without charge by AMUSEMENTS OF AMERICA as long as they are returned to AMUSEMENTS OF AMERICA in a clean and usable condition.

11. SUBCONTRACTOR confirms that he is an independent contractor and he assumes all liability for paying Social Security and Withholding Federal Income and all taxes of any nature whatsoever for all employees and help used by SUBCONTRACTOR. SUBCONTRACTOR also agrees to pay all other relevant taxes for all of his employees, help and agents of his company.

SUBCONTRACTOR, as an independent contractor, acknowledges that he is fully responsible for payment to his employees in every respect.

12. SUBCONTRACTOR further agrees to abide by all child labor and other labor laws and for all safety and all other laws of the applicable governmental jurisdiction(s) and will bear any penalty for any violation.

13. SUBCONTRACTOR further agrees to modulate (as directed by AMUSEMENTS OF AMERICA) the volume of loudspeakers and music systems of Rides and Attractions. All loudspeakers and music systems must be faced directly into the Rides and Attractions.

14. SUBCONTRACTOR agrees to keep and operate all Rides and Attractions in good and safe condition and to comply with requirements established by AMUSEMENTS OF AMERICA to promote safety and to permit AMUSEMENTS OF AMERICA to have free access to said Rides and Attractions at all times for the purpose of ascertaining compliance with the provisions of this Contract. SUBCONTRACTOR'S equipment must meet the standards set by AMUSEMENTS OF AMERICA for a clean and presentable appearance and should present photographs to attest to same.

15. SUBCONTRACTOR shall keep open for the transaction of business with the public during each day of the week, including Sundays and legal holidays, in accordance with and as called for by the hourly and daily schedule to be issued by AMUSEMENTS OF AMERICA. AMUSEMENTS OF AMERICA may make changes in said schedule from day to day.

16. SUBCONTRACTOR confirms and agrees that he carries public liability insurance with liability limits of not less than $2,000,000.00 primary coverage. SUBCONTRACTOR will have AMUSEMENTS OF AMERICA, VIVONA FAMILY ENTERTAINMENT, DELTA FAIR INC., AGRICENTER INTERNATIONAL, SHELBY COUNTY GOVERNMENT and their related companies included as an additional named insured under such policy. SUBCONTRACTOR agrees to provide AMUSEMENTS OF AMERICA, before starting his engagement, a Certificate of Insurance showing at a minimum the above policy limits, showing AMUSEMENTS OF AMERICA, VIVONA FAMILY ENTERTAINMENT and any

such other entities as AMUSEMENTS OF AMERICA may request as named
insured(s), and showing that the insurance is otherwise acceptable in all respects
to AMUSEMENTS OF AMERICA.

17. SUBCONTRACTOR further agrees to indemnify and defend AMUSEMENTS
OF AMERICA, VIVONA FAMILY ENTERTAINMENT, DELTA FAIR INC.,
AGRICENTER INTERNATIONAL, SHELBY COUNTY GOVERNMENT  and its
officers, employees, agents and other subcontractors for, and to hold
AMUSEMENTS OF AMERICA, VIVONA FAMILY ENTERTAINMENT, DELTA
FAIR INC., AGRICENTER INTERNATIONAL, SHELBY COUNTY
GOVERNMENT  and its officers, employees, agents and other subcontractors
harmless against, any and all injuries, claims, losses or liabilities which result
from any acts or omissions of SUBCONTRACTOR or of any
SUBCONTRACTOR'S employees, agents or subcontractors in connection with
the engagements hereunder or which may otherwise arise in connection with the
SUBCONTRACTOR'S engagement hereunder.

18. SUBCONTRACTOR hereby releases AMUSEMENTS OF AMERICA, its
associates and sponsors from any claims and from any responsibility in
connection with all engagements hereunder.

19. The SUBCONTRACTOR covenants and agrees not to carry on or cause to
be carried on, directly or indirectly, any attractions or concessions involving
games, amusements, shows, rides or the sale of any article or goods at any of
the engagements, as listed above or affixed hereto, during the three years
immediately following the last date of the engagements unless otherwise agreed
to in writing.

20. Other expenses including but not limited to local permits, uniforms and
identification badges shall be charged to the SUBCONTRACTOR on site during
the event.

21. This agreement shall be deemed made in the State of New Jersey and shall
be construed in accordance with the laws of New Jersey.  The parties agree and
consent to the jurisdiction of New Jersey to determine conflicts regarding the
language and payments to be made under this Agreement.

**REMARKS:**

SUBCONTRACTOR will make every effort to keep the rides operating and minimize downtime. Any ride downtime will be cause for prorating the amount due subcontractor and reducing the guarantee.

Dated 7/24/16                           By_____

                                         AMUSEMENTS OF AMERICA

Dated 7/24/16                           By_____

                                         SUBCONTRACTOR