# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

EDWARD ALAN YEARTA,

    Plaintiff,

vs.

AMUSEMENTS OF AMERICA, INC.;
DELTA FAIR, INC.; UNIVERSAL FAIRS,
LLC; and BELLE CITY AMUSEMENTS,
INC.,

    Defendants;

AMUSEMENTS OF AMERICA, INC.

    Crossclaim-Plaintiff

vs.

BELLE CITY AMUSEMENTS, INC.,

    Crossclaim-Defendant.

Case No. 2:17-CV-02117-SHM-egb

---

**BELLE CITY AMUSEMENTS, INC.'S ANSWERS TO AMUSEMENTS OF AMERICA, INC.'S FIRST SET OF INTERROGATORIES**

---

Crossclaim-Defendant Belle City Amusements, Inc., (hereinafter "Belle City"), by and through counsel, submits these Answers to Amusements of America, Inc.'s First Set of Interrogatories, ("Interrogatories") as follows:

### PRELIMINARY STATEMENT

Answers to these Interrogatories were prepared upon the basis of a search of files and records maintained in the ordinary course of business, within its possession, custody, or control, by Belle City and with information obtained from discovery in this matter to date. No single officer, employee, or agent of Belle City has direct knowledge of the facts necessary to supply

each and every Answer. Belle City reserves the right to amend or supplement these Answers as additional information becomes available through fact discovery, through expert opinion discovery, or otherwise.

For further response to these Interrogatories, Belle City says that matters and things sought in the Interrogatories include, or may include, matters and things which are believed to be privileged and confidential, subject to the attorney-client privilege, represents work product, prepared in anticipation of litigation, or protected by confidentiality, or any other relevant statutes of the State of Tennessee or under the United States Code regarding confidentiality. Belle City does not waive any objections based upon claims of privilege and confidentiality and further objects to matters which are not relevant, competent and/or material to the events in question, including the timeliness thereof and that such matters are outside the scope of Rule 26 of the Federal Rules of Civil Procedure. If Belle City provides any such information that is subject to privilege or confidentiality in response to these Interrogatories, it does so conditionally and reserves the right at any time to assert its claim of privilege and confidentiality and to withdraw such material and information as may have been produced subject thereto.

Belle City relies upon all of the following objections and defenses to the Interrogatories. Belle City specifically and expressly relies upon all of the following objections and protections in addition to any other objections and protections provided under the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

Without waiving any of its objections, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and in response to the Interrogatories, Belle City states as follows:

## GENERAL OBJECTIONS

1.  Belle City generally objects to any Interrogatory, instruction, or definition to the extent that it seeks information or documents outside the scope of allowable discovery under the Federal Rules of Civil Procedure, is prohibited by applicable law, or attempts to impose a duty upon Belle City not contemplated by the rules or by law. In addition, Belle City submits these Answers for purposes of this case only, and the Answers should be kept confidential and not disclosed to third parties.

2.  Belle City generally objects to any Interrogatory that seeks information or documents that may be protected from disclosure by the attorney-client privilege, the work product doctrine, and/or other doctrines and privileges concerning confidential and/or proprietary information and documents.

3.  Belle City generally objects to any Interrogatory that seeks information or documents concerning protected health information or confidential information of third parties. To the extent that Belle City must respond to the Interrogatories below seeking protected health information or confidential information of third parties, Belle City will respond only after entry of a Protective Order that will adequately protect such information from further disclosure.

4.  Belle City generally objects to the extent the Interrogatories are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

5.  Belle City generally objects to the extent the Interrogatories are vague and/or ambiguous.

6.  Belle City generally objects to the extent the Interrogatories are overly broad and/or unduly burdensome and requires unreasonable efforts or expense on behalf of Belle City disproportionate to the needs of this case.

7. Belle City generally objects to the extent the Interrogatories seek information and/or documents that are obtainable from some other source that is more convenient, less burdensome, and/or less expensive.

8. Belle City generally objects to the extent the Interrogatories ask it to accept Amusements of America, Inc.'s characterizations of documents as true.

9. Belle City generally objects to the extent the Interrogatories are cumulative and repetitive.

10. Belle City generally objects to answering more than 25 written interrogatories, including all discrete subparts.

11 Pursuant to Fed. R. Civ. P. 33, if the answer to any Interrogatory below "may be determined" by the production of documents in this case, Belle City reserves the right to answer the Interrogatories below through the production of documents.

12. Belle City reserves the right to supplement or amend these Answers, as discovery is still ongoing.

13. Belle City reserves the right to interpose other objections, both general and specific, as applicable.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person who provided information to respond to these Interrogatories and contemporaneously served First Set of Requests for Production and/or who assisted in the preparation of BCA's responses to same.

**RESPONSE:** Zachary Panacek, with the assistance of counsel, has provided information to respond to these Interrogatories and the First Set of Requests for Production.

**INTERROGATORY NO. 2:** Identify each and every person whom BCA claims has knowledge of any material or relevant facts or who would reasonably be expected to have knowledge of facts pertinent to the First Amended Crossclaim filed by AoA in this litigation, and for each person identified, provide a detailed summary of all facts of which the person is knowledgeable.

**RESPONSE:** Belle City states that the following individuals are believed to have knowledge of facts pertinent to the First Amended Crossclaim:

- Zachary Panacek: It is believed that Mr. Panacek has knowledge regarding agreements between Belle City and Amusements of America, Inc. for the provision of amusement rides

- Charles G. Panacek: It is believed that Mr. Panacek has knowledge regarding agreements between Belle City and Amusements of America, Inc. for the provision of amusement rides

- Rob Vivona: It is believed that Mr. Vivona has knowledge regarding agreements between Belle City and Amusements of America, Inc. for the provision of amusement rides

- Dominick Vivona: It is believed that Mr. Vivona has knowledge regarding agreements between Belle City and Amusements of America, Inc. for the provision of amusement rides

- Ronald Douberly, Jr.: It is believed that Mr. Douberly has knowledge regarding agreements between Belle City and Amusements of America, Inc. for the provision of amusement rides and knowledge regarding the events on the date of the incident giving rise to the First Amended Crossclaim

- Vincent M. Bounpane "Toast": It is believed that Mr. Bounpane who is believed to be associated with Amusements of America, Inc., has knowledge regarding the events on the date of the incident giving rise to the First Amended Crossclaim

- Edward Yearta: It is believed that Mr. Yearta has knowledge regarding the events on the date of the incident giving rise to the First Amended Crossclaim

Belle City further states that discovery is ongoing and reserves the right to supplement its response to this Interrogatory in accordance with the Rules of Civil Procedure and any applicable court order.

5

**INTERROGATORY NO. 3:** Identify each person whom BCA expects to call as an expert witness to offer testimony in this lawsuit in defense to AoA's First Amended Crossclaim. For each witness identified, include the following information in your response:

(a) The subject matter upon which the witness is expected to testify;

(b) The substance of the facts and opinions about which the witness is expected to testify;

(c) A summary of the grounds for each such opinion;

(d) All documents provided to, considered by, relied upon, reviewed by, and prepared by each witness;

(e) The witness' qualifications (including, but not limited to, his or her educational background and publications authored in the previous ten (10) years);

(f) A list of all cases in which the witness has testified in the previous four (4) years; and

(g) A statement of the compensation to be paid to each witness for his or her study and testimony in the case.

**RESPONSE:** Belle City states that discovery is ongoing and it has not made any final decisions as to expert witnesses, as issues requiring expert opinions are continuing to be defined. Belle City reserves the right to supplement its response to this Interrogatory in accordance with the Rules of Civil Procedure and any applicable court order.

**INTERROGATORY NO. 4:** Identify each and every contract, discussion, or arrangement (written or oral) pursuant to which BCA was present and provided amusement rides and equipment at the 2016 Delta Fair & Music Festival.

**RESPONSE:** Belle City objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. Belle City further objects to this Interrogatory as vague and ambiguous, as the terms "contract, discussion, or arrangement" are

6

not sufficiently defined and subject to varying interpretations which would affect Belle City's understanding of the request. To the extent the Interrogatory asks about verbal or oral exchanges, a countless number of conversations could have taken place with current and former employees of Belle City that render it nearly impossible for Belle City to enumerate without great difficulty. Belle City further objects to this Interrogatory as overly broad and unduly burdensome in that it is not limited in scope. Subject to and without waiving the foregoing objections, based on a review of Belle City's available records and documents and other information known to the undersigned, Belle City states that the Independent Attraction Agreement between Belle City and Amusements of America, Inc. pertained to the provision of amusement rides at the 2016 Delta Fair & Music Festival. Upon information and belief, the undersigned recalls communicating by text message with representatives of Amusements of America, Inc. regarding the 2016 Delta Fair & Music Festival. Additionally, upon information and belief, the undersigned states that the understanding between Amusements of America, Inc. and Belle City regarding the Independent Attraction Agreement was that Belle City would not have to provide generators to operate the rides owned by Belle City. Instead, the undersigned recalls that Belle City was asked to bring a generator as a back-up to the 2016 Delta Fair in the event that the ones provided by Amusements of America, Inc. did not work.

Belle City reserves the right to supplement its response to this Interrogatory in accordance with the Rules of Civil Procedure and any applicable court order.

**INTERROGATORY NO. 5:** Identify each and every individual (BCA representative or otherwise) who was in any way involved in any contract, discussion or arrangement you have identified in your response to Interrogatory No. 4, above.

**RESPONSE:** Please see the objections lodged to Interrogatory No. 4. Subject to and without waiving the foregoing referenced objections, Belle City states that the following individuals are believed to have been involved in the 2016 Independent Attraction Agreement and/or the understanding regarding the generator: Zachary Panacek, Charles Panacek, and Rob Vivona. Belle City further states that discovery is ongoing and reserves the right to supplement its Response to this Interrogatory in accordance with the Rules of Civil Procedure and any applicable court order.

**INTERROGATORY NO. 6:** Identify all rides and equipment that BCA brought to the 2016 Delta Fair & Music Festival.[1]

**RESPONSE:** Belle City objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving the foregoing objection, pursuant to Fed. R. Civ. P. 33(d), please see Belle City's Ride List, as of August 29, 2016, Bates labeled BCA 016-017. Additionally, upon information and belief, the undersigned believes Belle City brought one of the generators it owns to the 2016 Delta Fair, but it is unsure which one, and it does not maintain records which log this information. The undersigned believes it is either the generator that Belle City refers to as "Trailer #5" or "Trailer #6." Pictures of both are attached, Bates labeled BCA 001-015. Belle City states that discovery is ongoing and reserves the right to supplement its response to this Interrogatory in accordance with the Rules of Civil Procedure and any applicable court order.

---

[1] This interrogatory is labeled as "Interrogatory No. 5" in Amusements of America, Inc.'s First Set of Interrogatories, page 6. Accordingly, Belle City's numbering of the discovery requests will be different from the numbering in the original set from Amusements of America, Inc.

**INTERROGATORY NO. 7:** Identify each and every BCA representative or employee who was present at the 2016 Delta Fair & Music Festival on August 30, 2016, and state in what capacity they were present on behalf of BCA.

**RESPONSE:** Belle City objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case, as Belle City does not maintain records in a manner that would allow it to perform a search for potentially responsive information to the specific request without manual review of each and every record maintained by Belle City. Subject to and without waiving the foregoing objections, upon information and belief, the following individuals employed or associated with Belle City were believed to be present at the 2016 Delta Fair & Music Festival:

- Zachary Panacek: supervisor of Belle City's operations at the 2016 Delta Fair
- Justin Hendrix: ride operator for Belle City's amusement rides at the 2016 Delta Fair
- Steven Holmes: ride operator for Belle City's amusement rides at the 2016 Delta Fair
- Jerry Sears: individual tasked with setup and tear down of Belle City's amusement rides at the 2016 Delta Fair

Belle City states that discovery is ongoing and reserves the right to supplement its response to this Interrogatory in accordance with the Rules of Civil Procedure and any applicable court order.

**INTERROGATORY NO. 8:** Identify all generators BCA supplied or made available at the 2016 Delta Fair & Music Festival, and for each generator identified, state the following: (1) whether BCA owned or rented the generator; (2) the manufacturer, make and model of the generator; (3) the voltage capacity of the generator; (4) the physical location where the generator was set up at the 2016 Delta Fair & Music Festival fairgrounds; (5) the amusement rides connected to the

generator on August 30, 2016; and (6) whether the generator was grounded at the time of the August 30, 2016 incident alleged in the First Amended Complaint (and described in the First Amended Crossclaim).

**RESPONSE:** Please see response to Interrogatory No. 4 and No. 6 above. Upon information and belief, the generator was believed to have been located in the midway, in the location as depicted in the attached drawing, Bates labeled BCA 018. Upon information and belief, the generator was brought to the 2016 Delta Fair as a back-up. Upon information and belief, the undersigned assumes the generator was grounded because it was used by other amusement ride owners to temporarily power the leveling of their amusement rides during their set-up process. Belle City reserves the right to supplement its Response to this Interrogatory in accordance with the Rules of Civil Procedure and any applicable court order.

**INTERROGATORY NO. 9:** Identify all persons responsible for setting up, including grounding, each generator identified in your response to Interrogatory No. 7, above.

**RESPONSE:** Belle City objects to this Interrogatory to the extent it assumes any duty, obligation, or responsibility by Belle City regarding the generator described in Interrogatory No. 8. Subject to and without waiving the foregoing objection, please see response to Interrogatory No. 8 above. Upon information and belief, Belle City does not know who moved the generator to its temporary location on the midway where it was used by other amusement ride owners to set-up rides before the 2016 Delta Fair opened. Nor does Belle City know who started or set up the generator before it was used by other amusement ride owners. Belle City does not maintain records which would log this information. Belle City reserves the right to supplement its Response to this Interrogatory in accordance with the Rules of Civil Procedure and any applicable court order.

**INTERROGATORY NO. 10:** Identify all persons responsible for supervising the work of the individuals identified in your response to Interrogatory No. 8, above.

**RESPONSE:** Belle City objects to this Interrogatory to the extent it assumes any duty, obligation, or responsibility by Belle City regarding the generator described in Interrogatory No. 8. Subject to and without waiving the foregoing objection, please see response to Interrogatory No. 9 above. Because Belle City does not have information necessary to respond to Interrogatory No. 9, it cannot respond to Interrogatory No. 10.

**INTERROGATORY NO. 11:** Describe with specificity the process used by the BCA employees and/or agents identified in your response to Interrogatory No. 8 and Interrogatory No. 9, above, to set up and ground each of the generators identified in your response to Interrogatory No. 7.

**RESPONSE:** Belle City objects to this Interrogatory to the extent it assumes any duty, obligation, or responsibility by Belle City regarding the generator described in Interrogatory No. 8. Subject to and without waiving the foregoing objection, please see response to Interrogatory No. 9 and No. 10 above. Because Belle City does not have information necessary to respond to Interrogatory No. 9 or No. 10, it cannot respond to Interrogatory No. 11.

**INTERROGATORY NO. 12:** List each and every certification, training, course, license, or other qualification of any kind related to generator set up and/or electrical grounding, held or undertaken as of August 30, 2016 by the individuals identified in your response to Interrogatory No. 8 and Interrogatory No. 9, above.

**RESPONSE:** Belle City objects to this Interrogatory to the extent it assumes any duty, obligation, or responsibility by Belle City regarding the generator described in Interrogatory No. 8. Belle City further objects to this Interrogatory to the extent it assumes individuals must be

11

certified or licensed in order to use generators. Subject to and without waiving the foregoing objection, please see response to Interrogatory No. 9 and No. 10 above. Because Belle City does not have information necessary to respond to Interrogatory No. 9 or No. 10, it cannot respond to Interrogatory No. 12. For further response, Belle City states that it abides by the NEC grounding standards whenever it uses the generators owned by Belle City.

**INTERROGATORY NO. 13:** Identify and describe all training regarding generator set up and grounding provided by BCA to the individuals identified in your response to Interrogatory No. 8 and Interrogatory No. 9, above.

**RESPONSE:** Belle City objects to this Interrogatory to the extent it assumes any duty, obligation, or responsibility by Belle City regarding the generator described in Interrogatory No. 8. Subject to and without waiving the foregoing objection, please see response to Interrogatory No. 9 and No. 10 above. Because Belle City does not have information necessary to respond to Interrogatory No. 9 or No. 10, it cannot respond to Interrogatory No. 13. For further response, Belle City states that employees of Belle City that use its generators are trained on the job to properly use the generators.

**INTERROGATORY NO. 14:** Describe in detail how BCA believes the August 30, 2016 events alleged in the First Amended Complaint (and described in the First Amended Crossclaim) occurred, including a detailed description of all actions taken by BCA and its employees, and all other parties involved in the alleged events.

**RESPONSE:** Upon information and belief, the undersigned states:

I was at the rear of the Moonraker installing two new Hydraulic Proportioning Valves while standing on a ladder when I began to hear a "buzzing" sound. I recognized the buzzing as electrical so I took my head out of the cabinet and climbed up a step to look around. I noticed

12

Vincent ("Toast") on the Ring of Fire towards the rear of the trailer on top of the "Train" and my two employees directly in front of me on the Flatbed Scenery load. I didn't see anything so I stepped back down and continued my work. After a few minutes I heard the noise come back and stepped up again. I immediately noticed the proximity of the Wing of the Ring of Fire and the power line and before I could scream "Stop Raising" the ride appeared to make contact with the raised electrical lines and it looked like many fire crackers flashing everywhere the Ring of Fire leveling contact points are. I remember Vincent jumping off the trailer of the Ring of Fire and my guys ditching their perch as they were directly under the wire. I looked down immediately to make sure the Moonraker was not connected into any electrical system so that I was safe.

**INTERROGATORY NO. 15:** If BCA conducted an investigation into the August 30, 2016 incident alleged in the First Amended Complaint (and described in the First Amended Crossclaim), identify: (1) all BCA employees or agents who performed or participated in the investigation; (2) all statements of any kind collected during the investigation; (3) all reports or recommendations generated in connection with the investigation; and (4) all internal actions, including disciplinary action, taken by BCA as a result of its investigation.

**RESPONSE:** Belle City objects to this Interrogatory to the extent it seeks information which is protected from disclosure under the attorney-client and/or work product privilege. Belle City further objects to this Interrogatory as vague and ambiguous, as the term "investigation" is not sufficiently defined and subject to varying interpretations which would affect Belle City's understanding of the request. Subject to and without waiving the foregoing objection, Belle City did not make any independent inquiries, Belle City does not recall conducting or giving any

13

Case 2:17-cv-02117-SHM-jay   Document 81-3   Filed 08/01/18   Page 15 of 17    PageID 385

interviews, and Belle City did not generate any non-privileged reports regarding the August 30, 2016 incident, and, therefore, does not have any responsive information to this Interrogatory.

**INTERROGATORY NO. 16:** If, to your knowledge, information or belief there exist any photographs, videotapes, recorded statement(s), written statement(s), reports, drawings, diagrams, journals, or any other document, concerning or relating to any fact or issue set forth in the First Amended Crossclaim, and which have not been otherwise identified in your responses to these Interrogatories, identify the author of the document, the type of document, the date the document was prepared, and the name and address of each person in possession, custody or control of the original and any reproduction thereof.

**RESPONSE:** Belle City believes information or documents regarding the midway and the intended set-up of rides and attractions at the 2016 Delta Fair would be in the possession of Amusements of America, Inc. Belle City reserves the right to supplement its Response to this Interrogatory in accordance with the Rules of Civil Procedure and any applicable court order.

        Respectfully submitted,

        BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ, PC

        /s/ *[signature]*
        Bruce A. McMullen - TN Bar No. 18126
        bmcmullen@bakerdonelson.com
        Mary Wu Tullis - TN Bar No. 31339
        mtullis@bakerdonelson.com
        First Tennessee Building
        165 Madison Avenue, Suite 2000
        Memphis, Tennessee 38103
        Telephone:   901.526.2000
        Telefax:      901.577.2303

        *Attorneys for Belle City Amusements, Inc.*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2018, a copy of the foregoing was served on the parties listed below via first class mail, postage prepaid, or electronic mail:

Randall L. Kinnard
John Teitenberg
KINNARD, CLAYTON & BEVERIDGE
The Woodlawn
127 Woodmont Boulevard
Nashville, TN 37205

J. Mark Griffee
Kristine E. Nelson
BLACK McLAREN JONES RYLAND &
GRIFFEE, P.C.
530 Oak Court Drive, Ste. 360
Memphis, TN 38117

Gregory L. Mast
FIELDS HOWELL LLP
1180 W. Peachtree Street, Ste. 1600
Atlanta, GA 30309

*/s/ [signature]*

## VERIFICATION

State of _____

County of _____

I, Zachary Farace , being duly sworn, as a designated representative of Belle City Amusements, Inc., and in that capacity, I execute the foregoing Answers to Interrogatories. The information in such Answers is not personally known to me, but has been obtained from investigations by counsel and other persons whom I believe reliable and capable of ascertaining the facts stated in said Answers and a review of pertinent records and information available to me. On the basis of these investigations, and to the best of my information and belief, the matters set forth in the Answers are true and correct.

The Answers are made without in any way waiving or intending to waive any objections that Belle City Amusements, Inc. may have with respect to the subsequent use of the Answers, and Belle City Amusements, Inc. specifically reserves (a) all questions as to the competency, privilege, relevancy, materiality, and admissibility of any and all of the Answers, in whole or in part, or the subject matter thereof; (b) the right to object to the use of any of the Answers in whole or in part, or the subject matter covered thereby, in any subsequent step or proceeding in this action, on any or all of the foregoing grounds or on any proper grounds whether or not enumerated above; (c) the right to object on any and all grounds, at any time, to any interrogatories or other discovery procedures involving or related to the subject matter of the Interrogatories at any time, upon proper showing, to revise, correct, or clarify any of the Answers.

_____

SWORN AND SUBSCRIBED before me this _____ day of _____, 2018.

_____
NOTARY PUBLIC

My commission expires: _____

16