<u>Exhibit 1</u>:

AoA's Resp. to Pl.'s First Set of Requests for Admissions

IN THE DISTRICT COURT
FOR THE UNITED STATES OF AMERICA
WESTERN DISTRICT OF TENNESSEE

---

| | | |
|---|---|---|
| EDWARD ALAN YEARTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 2:17-cv-2117 SHM-egb |
| | ) | JURY DEMAND |
| | ) | |
| | ) | |
| AMUSEMENTS OF AMERICA, INC.; | ) | |
| DELTA FAIR, INC.; UNIVERSAL FAIRS, | ) | |
| LLC; and BELLE CITY AMUSEMENTS, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| AMUSEMENTS OF AMERICA, INC., | ) | |
| | ) | |
| Crossclaim Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BELLE CITY AMUSEMENTS, INC., | ) | |
| | ) | |
| Crossclaim Defendant. | ) | |

---

AMUSEMENTS OF AMERICA, INC.'S RESPONSES
TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS
TO THE DEFENDANT AMUSEMENTS OF AMERICA, INC.

---

COMES NOW Defendant/Crossclaim Plaintiff, Amusements of America, Inc. (hereinafter

"AoA"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 36, responds to

Plaintiff's First Set of Requests for Admissions as follows:

## PRELIMINARY STATEMENT

Although AoA has conducted a good faith investigation in order to respond to Plaintiff's First Set of Requests for Admissions, AoA has not completed its investigation of the facts and circumstances surrounding this matter. Discovery remains ongoing. By responding to Plaintiff's discovery, AoA does not intend to preclude itself from using other information and documentation at the trial in this matter. Further, by making the responses contained herein, AoA neither admits nor acquiesces in the characterization of the conduct or activities referenced in Plaintiff's First Set of Requests for Admissions.

## I.      GENERAL OBJECTIONS

In addition to the specific objections raised to any particular Requests for Admissions below, the following general objections are made to each of the Requests for Admissions propounded by Plaintiff.

A.      AoA undertakes to respond to these Requests for Admissions only in the form, and to the extent, required by the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the Western District of Tennessee at Memphis (hereinafter collectively referred to as "the Rules"). AoA objects generally to the Requests for Admissions to the extent any specific Request imposes an obligation concerning the form or content of any response beyond those required by the Rules or which exceeds the scope of discovery imposed or permitted by the Rules.

B.      AoA generally objects to each Request for Admissions to the extent it seeks information which is protected by the attorney-client privilege or the attorney work-product doctrine. *See* Fed. R. Civ. P. 26(b)(3).

C.      AoA further objects to each Request to the extent any information requested therein is already in the possession, custody, or control of Plaintiff, on the grounds that such discovery is obtainable from another source that is more convenient, less burdensome or less expensive.  *See* Fed. R. Civ. P. 26(b)(1).

D.      AoA's objections and responses to the Requests for Admissions set forth below shall be deemed to incorporate, and shall not be deemed a waiver of these general objections.

## II.      RESERVATION OF OBJECTIONS AND RIGHTS

E.      AoA reserves all objections with respect to relevancy and materiality as well as the right to interpose additional objections and to move for an appropriate protective order in the event additional discovery and pre-trial preparation develop further information with respect to any of the Requests for Admissions set forth below.

F.      AoA's responses herein are made without waiver of, or prejudice to, any such objections or rights.  AoA specifically reserves the right to amend and/or supplement its responses to these Requests for Admissions.

## III.      RESPONSES TO REQUESTS FOR ADMISSIONS

1.      Admit that Amusements of America, Inc. designed the layout of the 2016 Delta Fair & Music Festival.

RESPONSE:   AoA admits only that it designed certain parts of the layout of the 2016 Delta Fair & Music Festival because Delta Fair was responsible for the overall design layout.

2.      Admit that Amusements of America, Inc. owned the Ring of Fire that was present at the 2016 Delta Fair and Music Festival.

RESPONSE:   Admitted.

3.      Admit that Amusements of America, Inc. decided the location of the Ring of Fire at the 2016 Delta Fair and Music Festival.

RESPONSE:   Admitted.

4.      Admit that Amusements of America, Inc. was responsible for ensuring that all of its employees who set up the Ring of Fire on August 30, 2016 were trained to do so properly and safely.

RESPONSE:   Admitted.

5.      Admit that Christopher Robyn Vivona acted within the course and scope of his employment with Amusements of America, Inc. whenever did anything with the Ring of Fire at the 2016 Delta Fair & Music Festival.

RESPONSE:   AoA denies this request for admission because it is grammatically incomplete.

6.      Admit that Christopher Robyn Vivona, in the course and scope of his employment with Amusements of America, Inc., marked the location where the Ring of Fire was to be placed at the 2016 Delta Fair & Music Festival.

RESPONSE:   Admitted.

7.      Admit that when he marked the location for the Ring of Fire to be placed at the 2016 Delta Fair & Music Festival, Christopher Robyn Vivona was aware of the high-voltage

overhead power lines to the north of the marked location.

RESPONSE:    Admitted.

8.    Admit that when he marked the location for the Ring of Fire to be placed at the 2016 Delta Fair & Music Festival, Christopher Robyn Vivona laid down a string line parallel to the high-voltage overhead power line that would be closest to the Ring of Fire when it was placed on the marked location.

RESPONSE:    Denied.

9.    Admit that when he marked the location for the Ring of Fire to be placed at the 2016 Delta Fair & Music Festival, Christopher Robyn Vivona intended to mark the location so that the side of the Ring of Fire's trailer would be 30 feet away from the string line.

RESPONSE:    See response to Request Number 8. AoA objects to and denies this Request for Admission on the grounds the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. (See emphasis added)

10.    Admit that when he marked the location for the Ring of Fire to be placed at the 2016 Delta Fair & Music Festival, Christopher Robyn Vivona intended to mark the location so that the side of the Ring of Fire would be 30 feet away from the high-voltage overhead powerline closest to the Ring of Fire.

RESPONSE:    See response to Request Number 9. AoA objects to this Request for Admission on the grounds the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. (See emphasis added)

11.     Admit that while it is being erected, the Ring of Fire extends to a point that is 24 feet and 8 inches from either side of its trailer.

RESPONSE:   Admitted.

12.     Admit that if the Ring of Fire was placed on the location Christopher Robyn Vivona intended to mark for it at the 2016 Delta Fair & Music Festival, it would be <u>possible</u> to bring a part of the Ring of Fire within 10 feet of a high-voltage overhead line while erecting it.

RESPONSE:   Denied. AoA also objects to this Request for Admission on the grounds the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. (See emphasis added)

13.     Admit that Christopher Robyn Vivona <u>intended</u> to mark a location for the Ring of Fire at the 2016 Delta Fair & Music Festival that would have made it possible to bring a part of the Ring of Fire within 5- and one-half feet of a high-voltage overhead power line.

RESPONSE:   Denied. AoA objects to this Request for Admission on the grounds the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. (See emphasis added)

14.     Admit that whoever placed the Ring of Fire on location at the 2016 Delta Fair & Music Festival on or before August 30, 2016 was an employee of Amusements of America, Inc., acting in the course and scope of his or her employment.

RESPONSE:   Admitted.

15.     Admit that the location on which the Ring of Fire was placed at the 2016 Delta Fair & Music Festival made it <u>possible</u> to bring a part of it within 10 feet of a high-voltage overhead line while erecting it.

<u>RESPONSE</u>:  Denied. AoA objects to this Request for Admission on the grounds the information sought is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. (See emphasis added)

16.     Admit that one or more of Amusements of America, Inc.'s employees, in the course and scope of their employment, attempted to erect the Ring of Fire at the 2016 Delta Fair & Music Festival on August 30, 2016.

<u>RESPONSE</u>:  Admitted.

17.     Admit that one or more of Amusements of America, Inc.'s employees, in the course and scope of their employment, brought a section of the Ring of Fire within 10 feet of a high-voltage overhead line while erecting it at the 2016 Delta Fair & Music Festival on August 30, 2016.

<u>RESPONSE</u>:  Denied, due to lack of knowledge on the part of AoA.

18.     Admit that while one or more of Amusements of America, Inc.'s employees was/were erecting the Ring of Fire at the 2016 Delta Fair & Music Festival on August 30, 2016, Plaintiff was setting up the Alpine Bobs amusement ride.

<u>RESPONSE</u>:  Denied, due to lack of knowledge on the part of AoA.

19.     Admit that the Ring of Fire and Alpine Bobs were each connected to the same Generator at the time Plaintiff s injuries occurred on August 30, 2016.

RESPONSE: Admitted.

20.     Admit that at some point while Amusements of America, Inc.'s employees were attempting to erect it, the Ring of Fire became energized by electricity from a high-voltage overhead line on August 30, 2016.

RESPONSE: Admitted.

21.     Admit that a part of the Ring of Fire came into contact with a high-voltage overhead power line while Amusements of America, Inc.'s employees erected it on August 30, 2016.

RESPONSE: Denied.

22.     Admit that in order for the Ring of Fire to become energized by a high-voltage overhead power line while it was being erected on August 30, 2016, a part of the Ring of Fire must have come within I foot of the high-voltage overhead power line.

RESPONSE: Denied, due to lack of knowledge on the part of AoA.

23.     Admit that for electricity from the high-voltage overhead power line to energize the Ring of Fire on August 30, 2016, either Christopher Robyn Vivona must have negligently marked the location for the Ring of Fire or an Amusements of America, Inc. employee must have negligently placed the Ring of Fire on a location other than where Christopher Robyn Vivona marked.

RESPONSE:   Denied.

24.     Admit that the electricity from the high-voltage overhead line flowed through the Ring of Fire and into the Generator on August 30, 2016.

RESPONSE:   Admitted.

25.     Admit that the electricity from the high-voltage overhead line flowed through the Generator and into the Alpine Bobs on August 30, 2016.

RESPONSE:   Admitted.

26.     Admit that Plaintiff was electrocuted by the electricity from the high voltage overhead line when it flowed through the Alpine Bobs and into Plaintiff's body on August 30, 2016.

RESPONSE:   Admitted.

27.     Admit that Plaintiff did not negligently cause any of his injuries on August 30, 2016.

RESPONSE:   Denied.

28.     Admit that Amusements of America, Inc., acting through one or more of its employees, was negligent on August 30, 2016 and caused electricity to injure the Plaintiff.

RESPONSE:  Denied.

29.     Admit that on August 30, 2016, Tenn. Code Ann. § 50-3-1002 prohibited a corporation to require or permit any employee to perform any function in proximity to high-voltage overhead lines or erect, install or operate any machinery or equipment unless and until danger from accidental contact with such high-voltage overhead lines has been effectively guarded against in the manner prescribed in Tenn. Code Ann. § 50-3-1003.

RESPONSE:  Admitted.

30.     Admit that on August 30, 2016, Tenn. Code Ann. § 50-3-1003(a) provided:

The operation, erection or transportation of any tools, machinery, or equipment, or any part of any tools, machinery, or equipment, capable of vertical, lateral or swinging motion, the handling, transportation or storage of any supplies, materials or apparatus, or the moving of any house or other building, or any part of any house or building, under, over, by or near high-voltage overhead lines, is expressly prohibited, if at any time during such operation, transportation or other manipulation it is possible to bring the equipment, tools, materials, building, or any part of the equipment, tools, materials or building, within ten feet (10) of the high-voltage overhead lines, or the distance required by an applicable standard of the Tennessee occupational health administration, except where the high-voltage overhead lines have been effectively guarded against danger from accidental contact, by either:

(1) The erection of mechanical barriers to prevent physical contact with high-voltage conductors;

(2) De-energizing the high-voltage conductors and grounding where necessary; or

(3) By insulating the lines.

RESPONSE:  Admitted.

31.     Admit that on August 30, 2016, the Ring of Fire was "capable of vertical, lateral or

swinging motion" while being erected.

     RESPONSE:  Admitted.

    32.    Admit that on August 30, 2016, the Ring of Fire was a tool, or machinery or equipment.

     RESPONSE:  Admitted.

    33.    Admit that because the Ring of Fire was a tool, or machinery or equipment, capable of vertical, lateral or swinging motion while being erected, any person erecting the Ring of Fire was subject to Tenn. Code Ann. § 50-3-1003(a) on August 30, 2016.

     RESPONSE:  Admitted.

    34.    Admit that on August 30, 2016, Amusements of America, Inc. and its employees were prohibited by Tenn. Code Ann. § 50-3-1003(a) from operating, transporting, or erecting the Ring of Fire if at any time during such operation, transportation, or other manipulation, it would be possible to bring any part of the Ring of Fire within ten (10) feet of a high voltage overhead line, unless first effectively guarding against accidental contact as prescribed in that statute.

     RESPONSE:  Admitted.

    35.    Admit that on August 30,2016, Amusements of America, Inc. did not effectively guard against the danger posed by electricity from the high voltage overhead line by erecting mechanical barriers to prevent physical contact with high-voltage conductors, as required by Tenn. Code Ann. § 50-3-1003(a)(l).

RESPONSE:   Admitted.

36.     Admit that on August 30, 2016, Amusements of America, Inc. did not effectively guard against the danger posed by electricity from the high-voltage overhead line by de-energizing the high-voltage conductors and grounding where necessary, as required by Tenn. Code Ann. § 50-3-1003(a)(2).

RESPONSE:   Admitted.

37.     Admit that on August 30, 2016, Amusements of America, Inc. did not effectively guard against the danger posed by electricity from the high-voltage overhead line by insulating the lines, as required by Tenn. Code Ann. § 50-3-1003(a)(3).

RESPONSE:   Admitted.

38.     Admit that because it did not effectively guard against the danger posed by electricity from the high voltage overhead line on August 30, 2016, as required by Tenn. Code Ann. § 50-3-1003(a)(1), (2), or (3), Amusements of America, Inc. and its employees were prohibited by statute from transporting the Ring of Fire by or near a location where it was possible to bring any part of the Ring of Fire within ten (10) feet of a high-voltage overhead line while it was being erected.

RESPONSE:   Admitted.

39.     Admit that because it did not effectively guard against the danger posed by electricity from the high voltage overhead line on August 30, 2016, as provided in Tenn. Code Ann. § 50-3-1003(a)(1), (2), or (3), Amusements of America, Inc. and its employees were

prohibited by statute on August 30, 2016 from erecting the Ring of Fire when it was possible to bring any part of the Ring of Fire within ten (10) feet of a high-voltage overhead line.

    RESPONSE:  Admitted.

    40.    Admit that Amusements of America, Inc. violated Tenn. Code Ann. § 50-3-1002 on August 30, 2016.

    RESPONSE:  Admitted.

    41.    Admit that Amusements of America, Inc. and its employee or employees violated Tenn. Code Ann. § 50-3-1003(a) on August 30, 2016.

    RESPONSE:  Admitted.

    42.    Admit that Amusements of America, Inc. received a Citation and Penalty Notice from the State of Tennessee's Department of Labor and Workforce Development, a true and correct copy of which is attached as Exhibit A, which stated that Amusements of America, Inc. violated Tenn. Code Ann. § 50-3-1003(a) because "a section of the Ring of Fire contacted a 13.2 Kv overhead powerline while in the process of setting up the ride" on August 30, 2016 at the 2016 Delta Fair & Music Festival.

    RESPONSE:  Admitted.

    43.    Admit that Amusements of America, Inc. paid the State of Tennessee a penalty of $4,000.00 for violating Tenn. Code Ann. § 50-3-1003(a) with respect to the erection of the Ring of Fire on August 30, 2016 at the 2016 Delta Fair & Music Festival.

RESPONSE:   Admitted.

44.     Admit that Amusements of America, Inc. did not object to the terms and conditions of the citation that it received (attached as Exhibit A) pursuant to Tenn. Code Ann. § 50-3-307(b)(l).

RESPONSE:   Admitted.

45.     Admit that Amusements of America, Inc. paid the State of Tennessee a penalty because one or more of its employees violated Tenn. Code Ann. § 50-3-1003(a) while erecting the Ring of Fire at the 2016 Delta Fair & Music Festival on August 30, 2016.

RESPONSE:   Admitted.

46.     Admit that before its employees began to erect the Ring of Fire on August 30,2016, Amusements of America, Inc. did not notify the operator of the overhead high-voltage line that the Ring of Fire would be operated within l0 feet of the overhead high-voltage line pursuant to Tenn. Code Ann. § 50-3-1005.

RESPONSE:   Admitted.

47.     Admit that the Tennessee Legislature's stated purpose of Title 50, Chapter 3 of the Tennessee Code, the Occupational Safety and Health Act of 1972, is to prevent personal injuries to working men and women in the state of Tennessee, as outlined in Tenn. Code Ann. § 50-3-102.

RESPONSE:   Admitted.

48.     Admit that one of the intended purposes of the prohibition contained in Tenn. Code Ann. § 50-3-1002 is intended to benefit and protect employees.

RESPONSE:   Admitted.

49.     Admit that one of the intended purposes of the prohibition contained in Tenn. Code Ann. § 50-3-1003(a) is to benefit and protect employees.

RESPONSE:   Admitted.

50.     Admit that Edward Yearta an employee working for Primetime Amusements, LLC at the Delta Fair & Music Festival on August 30, 2016.

RESPONSE:   Admitted.

51.     Admit that Amusements of America, Inc. contracted with Primetime Amusements, LLC to provide amusement rides at the 2016 Delta Fair & Music Festival.

RESPONSE:   Admitted.

52.     Admit that the negligence of one or more of Amusements of America, Inc.'s employees was the cause in fact of Edward Yearta's injuries on August 30, 2016.

RESPONSE:   Denied.

53.     Admit that the negligence of one or more of Amusements of America, Inc.'s employees was a substantial factor in causing Edward Yearta's injuries on August 30, 2016.

RESPONSE:   Denied, due to lack of knowledge on the part of AoA. (emphasis added)

54.     Admit that the negligence of one or more of Amusements of America, Inc.'s employees was a proximate cause of Edward Yearta's injuries on August 30, 2016.

RESPONSE:   Denied.

55.     Admit that the negligence of one or more of Amusements of America, Inc.'s employees was a legal cause of Edward Yearta's injuries on August 30, 2016.

RESPONSE:   Denied.

Respectfully submitted,

/s/ *J. Mark Griffee*
J. Mark Griffee (7220)
Black McLaren Jones Ryland & Griffee PC
530 Oak Court Drive, Suite 360
Memphis, TN  38117
(901) 762-0535 (Office)
(901) 762-0539 (Fax)
mgriffee@blackmclaw.com

*Attorney for Amusements of America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2018, the foregoing was served via first class mail, postage prepaid, and electronic mail on the following:

Randall L. Kinnard, Esq.
Daniel L. Clayton, Esq.
John F. Teitenberg, Esq.
The Woodlawn
127 Woodmont Boulevard
Nashville, Tennessee 37205
(615) 297-1007
rkinnard@kcbattys.com
*Attorney for Plaintiff Edward Yearta*

Gregory L. Mast
Fields Howell, LLP

1180 W. Peachtree Street NE, Suite 1600
Atlanta, Georgia 30309
(404) 214-1250
gmast@fieldshowell.com
*Attorney for Defendant Delta Fair, Inc.*

Bruce A. McMullen
Mary Wu Tullis
Baker, Donelson, Bearman, Caldwell, and Berkowitz, PC
165 Madison Ave., Suite 2000
Memphis, Tennessee 38103
(901) 526-2000
bmcmullen@bakerdonelson.com
mtullis@bakerdonelson.com
*Attorneys for Belle City Amusements, Inc.*

/s/ *J. Mark Griffee*