# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |
|---|---|
| EDWARD ALAN YEARTA, ) | ) |
| Plaintiff, | ) ) ) No. 17-2117 ) |
| v. | ) ) |
| AMUSEMENTS OF AMERICA, INC.; DELTA FAIR, INC.; UNIVERSAL FAIRS, LLC; and BELLE CITY AMUSEMENTS, INC., | ) ) ) ) ) |
| Defendants. | ) ) ) ) ) ) |

## ORDER

Before the Court are two motions.  The first motion is Defendant Belle City Amusements, Inc.'s ("Belle City's") January 4, 2019 Motion for Summary Judgment.  (ECF No. 101.)  Defendants Amusements of America, Inc. ("AOA")and Delta Fair, Inc. responded on February 1, 2019.  (ECF No. 103.)  Belle City replied on February 15, 2019.  (ECF No. 104.)  AOA and Delta Fair have brought crossclaims against Belle City for indemnification and defense.  Belle City seeks summary judgment on those crossclaims on the ground that Belle City's contract with AOA does not

obligate it to indemnify AOA and Delta Fair for their defense costs in this case.

The second motion is Plaintiff Edward Alan Yearta, AOA, and Delta Fair's January 18, 2019 Joint Motion to Dismiss. (ECF No. 102.) Movants seek dismissal of Yearta's claims and of AOA and Delta Fair's crossclaims against Belle City based on a settlement agreement. Belle City responded on February 15, 2019. (ECF No. 105.) AOA and Delta Fair replied on February 28, 2019. (ECF No. 108.)

For the following reasons, Yearta's claims are DISMISSED WITH PREJUDICE. The Court RESERVES RULING on AOA and Delta Fair's Motion to Dismiss their crossclaims against Belle City. The Court RESERVES RULING on Belle City's Motion for Summary Judgment. AOA and Delta Fair may file a motion to substitute under Rule 25(c) within fourteen (14) days of the entry of this Order.

## I. Background

This suit arises from the electrocution of Plaintiff Edward Alan Yearta while he was working at the Delta Fair & Music Festival in Memphis, Tennessee on August 30, 2016. (ECF No. 103-1 ¶ 2.) Yearta, an employee of Prime Time Amusements, was setting up a ride called the Alpine Bob, which had been plugged into a generator owned by Belle City. (Id. ¶ 3.) Another ride, the Ring of Fire, owned by AOA, was being set up at the same

2

time by employees of AOA.  (Id. ¶ 4.)  The Alpine Bob and the Ring of Fire were plugged into the same generator.  (Id.)

As AOA employees were erecting the Ring of Fire, the ride became energized by a nearby overhead power line.  (Id. ¶ 5.) Electricity from the power line flowed through the Ring of Fire, through Belle City's generator, through the Alpine Bob, and into Yearta's body.  (Id.)  Yearta was injured.  (Id. ¶ 1.)

Yearta filed a Complaint on February 21, 2017, which he amended on June 2, 2017.  (ECF Nos. 1, 25.)  He alleges that his injuries were caused by Defendants' negligence.  (ECF No. 25 ¶ 25.)

On June 16, 2017, and September 4, 2018, respectively, AOA and Delta Fair filed crossclaims against Belle City.  (ECF Nos. 31, 95.)  AOA and Delta Fair seek indemnification and defense, or, alternatively, contribution from Belle City.  (Id.)

On December 6, 2018, Yearta agreed to a settlement that resolved all of his claims against Defendants.  (ECF No. 104-1 ¶ 29.)  The settlement agreement gave Yearta the right to purchase an annuity, which was funded with settlement proceeds on December 27, 2018.  (Id. ¶ 35.)  Liberty Corporate Capital, Ltd. ("Liberty"), AOA and Delta Fair's insurer, paid $2,075,000 to fund the annuity.  (Id. ¶ 33.)  No other party contributed to the settlement payment.  (Id.)

On January 4, 2019, Belle City filed this Motion for Summary Judgment.  (ECF No. 101.)  It argues that its contract with AOA does not require it to indemnify AOA and Delta Fair for Yearta's claims.  (See id.)

On January 18, 2019, Yearta, AOA, and Delta Fair filed this Joint Motion to Dismiss.  (ECF NO. 102.)  They ask the Court to dismiss Yearta's claims because they have been resolved by the settlement agreement.  (Id.)  AOA and Delta Fair also ask the Court to dismiss their crossclaims against Belle City because Liberty is now the real party in interest to those claims.  (Id.)

## II.  Jurisdiction

The Court has diversity jurisdiction under 28 U.S.C. § 1332. Yearta is a resident and citizen of Brooks County, Georgia.  (Am. Compl., ECF No. 25 ¶ 1.)  AOA is a New Jersey corporation with its principal place of business in West Caldwell, New Jersey. (Id. ¶ 2.)  Delta Fair is a Tennessee corporation with its principal place of business in Eads, Tennessee.  (Id. ¶ 3.) Universal Fairs, LLC is "a Tennessee corporation" with its principal place of business in Eads, Tennessee.  (Id. ¶ 4.) Belle City is a Florida corporation with its principal place of business in Longwood, Florida.  (Id. ¶ 5.)  The parties are completely diverse.

Yearta alleges that the amount in controversy exceeds $75,000.  (See id. ¶ 62.)  "[T]he sum claimed by the plaintiff

4

controls if the claim is apparently made in good faith." <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 288 (1938); <u>see also</u> <u>Charvat v. NMP, LLC</u>, 656 F.3d 440, 447 (6th Cir. 2011). The requirements of diversity jurisdiction are satisfied.

## III. Analysis

### A. Consultation Requirement Under the Local Rules

Belle City argues that Yearta, AOA, and Delta Fair's Joint Motion to Dismiss is "inherently deficient" because the movants did not attach a certificate of consultation. (ECF No. 105 at 965.) Local Rule 7.2(1)(B) provides that a motion for voluntary dismissal under Rule 41 must be accompanied by a certificate of consultation affirming that the parties are unable to reach an accord with respect to the issues addressed in the motion. L.R. 7.2(1)(B). Failure to attach a certificate of consultation is good grounds for denying the motion. <u>Id.</u>

In the interest of the expeditious and economical resolution of this litigation, however, the Court will not disqualify the Joint Motion to Dismiss under the Local Rules.

### B. Voluntary Dismissal of Yearta's Claims

Yearta moves to voluntarily dismiss his claims against Defendants. AOA, Delta Fair, and Belle City do not oppose his motion. Once an opposing party has responded to a complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R.

Civ. P. 41(a)(2).  "Unless otherwise stated, a Rule 41(a)(2) dismissal 'is without prejudice.'"  Noel v. Guerrero, 479 F. App'x. 666, 668 (6th Cir. 2012).

Yearta represents that he "has settled all his claims in his cause of action" and moves for dismissal of all his claims with prejudice.  (ECF No. 102.)  No party opposes Yearta's motion.

Yearta's claims are DISMISSED WITH PREJUDICE.

### C. Substitution of AOA and Delta Fair

AOA and Delta Fair move to be substituted by their insurer, Liberty, as crossclaimant.  (ECF No. 102-1 at 558–60.)  Belle City does not object.  (ECF No. 105 at 957.)  AOA and Delta Fair's request, made in the body of their memorandum, does not meet the requirements of Federal Rule of Civil Procedure 25(c).

Rule 25(c) provides for the substitution of parties when there has been a transfer of interest after suit is brought. See 7C Charles Alan Wright et al., Federal Practice & Procedure § 1958 (2014) ("Transfer of Interest in Action"); see also United States v. Lacy, 234 F.R.D. 140, 144-45 (S.D. Tex. 2005) (subrogated insurer that paid its insured's claim was entitled to be substituted pursuant to Rule 25(c)).  Rule 25(c) provides:

> If an interest is transferred, the action may be
> continued by or against the original party unless the
> court, on motion, orders the transferee to be
> substituted in the action or joined with the original

party.  The motion must be served as provided in Rule
25(a)(3).

Fed. R. Civ. P. 25(c).  Rule 25(c) motions must be served "on
nonparties as provided in Rule 4."  Fed. R. Civ. P. 25(a)(3).

Because there is no indication that Liberty has been served
with a motion under Rule 25(c), Liberty cannot be substituted
for AOA and Delta Fair.  AOA and Delta Fair's request for
substitution is DENIED WITHOUT PREJUDICE.

Rule 25(c) is designed to allow an action to continue
unabated when an interest in the lawsuit has changed hands.  See
Wright et al., supra, § 1958 ("The most significant feature of
Rule 25(c) is that it does not require that anything be done
after an interest has been transferred.  The action may be
continued by or against the original party, and the judgment
will be binding on the successor in interest even though the
successor is not named.").  Post-transfer, the Court may continue
to consider the pending motions addressing AOA and Delta Fair's
crossclaims against Belle City, and any rulings on those motions
would be binding on Liberty.  At its discretion, however, the
Court may order that a transferee be substituted for a
transferor.  See The Charter Oak Fire Ins. Co. v. SSR, Inc., No.
CV 11-118-HRW, 2015 WL 10890126, at *4 (E.D. Ky. July 13, 2015).
Any such order "is merely a discretionary determination by the

trial court that the transferee's presence would facilitate the conduct of the litigation." Wright et al., supra, § 1958.

AOA and Delta Fair have brought crossclaims for indemnification, defense, and, alternatively, contribution against Belle City. (ECF No. 42; ECF No. 96.) AOA and Delta Fair seek voluntary dismissal because they are no longer the real parties in interest to those claims. (ECF No. 102-1 at 549.) They represent that Liberty is now the sole real party in interest because Liberty has fully settled Yearta's claims and paid Yearta on AOA and Delta Fair's behalf. (Id.; Aff. of Kathy Owens, ECF No. 102-9 ¶¶ 7–9.)

Given those representations, it is not appropriate for the Court to rule on AOA and Delta Fair's motion for voluntary dismissal of claims at this juncture. Liberty, as the real party in interest, should be given the opportunity to maintain the crossclaims for indemnification, defense, and contribution against Belle City if it chooses to do so. That is especially true because AOA and Delta Fair have represented that Liberty intends to pursue those claims. (See ECF No. 102-1 at 557.) Liberty's presence would facilitate the conduct of this litigation. AOA and Delta Fair may file a motion to substitute

under Rule 25(c) within fourteen (14) days of the entry of this Order.

The Court RESERVES RULING on AOA and Delta Fair's Motion to Dismiss their crossclaims against Belle City. The Court RESERVES RULING on Belle City's Motion for Summary Judgment against AOA and Delta Fair.

## IV. Conclusion

For the foregoing reasons, Yearta's claims are DISMISSED WITH PREJUDICE. The Court RESERVES RULING on AOA and Delta Fair's Motion to Dismiss their crossclaims against Belle City. The Court RESERVES RULING on Belle City's motion for summary judgment. AOA and Delta Fair may file a motion to substitute under Rule 25(c) within fourteen (14) days of the entry of this Order.

So ordered this 3rd day of April, 2019.

/s/ *Samuel H. Mays, Jr.*
Samuel H. Mays, Jr.
UNITED STATES DISTRICT JUDGE