**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| LIBERTY CORPORATE CAPITAL LTD.,<br><br>Plaintiff,<br><br>v.<br><br>BELLE CITY AMUSEMENTS, INC.,<br><br>Defendant. | Civil Action No.: 2:17-cv-2117 |

**LIBERTY CORPORATE CAPITAL LTD.'S RENEWED MOTION FOR LEAVE TO AMEND ITS COMPLAINT AGAINST DEFENDANT BELLE CITY AMUSEMENTS, INC.**

Plaintiff Liberty Corporate Capital, Ltd. ("Liberty"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 15, files this Motion and Incorporated Memorandum of Fact and Law in Support of Liberty's Renewed Motion for Leave to Amend Its Complaint Against Belle City Amusements, Inc. ("Belle City").[1] A copy of Liberty's proposed Amended Complaint is attached hereto as Exhibit "1."

## I. SUMMARY OF ARGUMENT

This motion arises out of an action for certain tort claims asserted by former plaintiff Edward Yearta against former defendants Delta Fair, Inc. ("Delta Fair") and Amusement of America, Inc. ("AOA"), and Belle City. Mr. Yearta's claims were ultimately resolved by Liberty's good faith efforts in mediation of the claims and protected the best interests of Delta Fair and

[1] In light of the Court re-opening discovery at Belle City's request, any concerns over prejudice to Belle City from discovery regarding the new claims has been eliminated. Liberty recognizes and appreciates the Court's consideration of the original motion and only files this Renewed Motion due to the change in circumstances, which Liberty respectfully submits should materially change the ruling.

AOA, and in spite of Belle City's failure to honor its contractual obligations to Delta Fair and AOA.

Liberty's good faith efforts to resolve Mr. Yearta's claims included Liberty's exclusive funding of the full settlement amount paid to Mr. Yearta in resolution of his claims. As Liberty paid the entirety of the settlement, Liberty became the real party in interest with respect to what were previously Delta Fair and AOA's claims against Belle City.

Delta Fair and AOA jointly moved for dismissal of Mr. Yearta's claims with prejudice. ECF No. 102. Delta Fair and AOA also sought dismissal of their crossclaims against Belle City without prejudice so that Liberty could pursue these claims, in addition to the recently ripened bad faith claims against Belle City's insurer, in a new action. Delta Fair, AOA, and Liberty believed this to be the most efficient route to allow Liberty, as the real party in interest, to pursue its claims. In the alternative, Delta Fair and AOA requested Liberty be substituted for them and be granted leave to file an amended complaint.

In its April 3, 2019 Order, this Court dismissed Mr. Yearta's claims with prejudice, such that only the crossclaims remained at issue. ECF No. 112. In its April 3, 2019 Order, the Court also reserved ruling on Delta Fair and AOA's motion to dismiss the crossclaims, denied the alternative relief request for substitution without prejudice, and invited Delta Fair and AOA to file a motion to substitute Liberty into the action under Rule 25(c).

Pursuant to the Court's invitation in its April 3, 2019 Order, and Rule 25(c) of the Federal Rules of Civil Procedure, Delta Fair and AOA moved this Court to substitute Liberty for them in this matter. Delta Fair and AOA also sought additional necessary relief, namely leave for Liberty

to file an Amended Complaint against Belle City so that Liberty was able to pursue the recently-ripened claims against Belle City.[2] ECF No. 113.

On January 6, 2020, this Court issued an order addressing three pending motions, including Delta Fair, AOA, and Liberty's request that Liberty be substituted into the action for Delta Fair and AOA and be permitted leave to file an Amended Complaint against Belle City and Belle City's motion for summary judgment. ECF No. 120. Therein, the Court denied Belle City's motion for summary judgment. The Court also substituted Liberty for Delta Fair and AOA, but denied the request for leave to amend the Complaint. The Court expressed concern for prejudice against Belle City at such a late stage in the litigation, specifically noting discovery had closed and the dispositive motion deadline had passed. ECF No. 120, pp. 12-15.

Following the Court's order, a status/scheduling conference occurred on February 13, 2020. At the conference, Belle City requested that discovery be re-opened for six months. Liberty consented to this request. Accordingly, the Court re-opened discovery for six months and a new scheduling order is now in place. With discovery now re-opened (at Belle City's request), a new dispositive motion deadline set, and trial set for May 2021, the concerns for potential prejudice against Belle City no longer appear to be at issue. Accordingly, Liberty renews the prior request for leave to file an Amended Complaint against Belle City pursuant to Rule 15 of the Federal Rules of Civil Procedure.[3]

## II. FACTUAL BACKGROUND

In an effort to avoid submitting duplicative briefing to the Court, Liberty briefly

[2] Following the settlement, it was discovered that Belle City's initial disclosures failed to identify an insurance policy issued by ACE, giving rise to a negligent misrepresentation claim.

[3] Liberty conferred with Belle City's counsel, who confirmed Belle City does not consent to this motion.

summarizes the most pertinent facts from the prior motion requesting Liberty be granted leave to file an Amended Complaint and incorporates the factual background of that motion herein. ECF 113-1, Section II, pp. 4-8.

**A. The Incident and the Parties**

This case arose out of a tragedy at the 2016 Delta Fair and Music Festival (the "Fair") in Memphis, Tennessee. ECF No. 27-1. Delta Fair promoted the Fair, but did not own or operate any of the amusement rides. Rather, Delta Fair contracted with AOA to provide the Fair's amusement rides. ECF No. 102-2. AOA, in turn, contracted with Prime Time Amusements, LLC ("Prime Time") and Belle City to provide additional amusements for the Fair. Belle City's contract with AOA (the "Agreement") contained the following indemnification provision:

> 17. SUBCONTRACTOR further agrees to indemnity and defend AMUSEMENTS OF AMERICA, VIVONA FAMILY ENTERTAINMENT, DELTA FAIR INC., AGRICENTER INTERNATIONAL, SHELBY COUNTY GOVERNMENT and its officers, employees, agents and other subcontractors for, and to hold AMUSEMENTS OF AMERICA, VIVONA FAMILY ENTERTAINMENT, DELTA FAIR INC., AGRICENTER INTERNATIONAL, SHELBY COUNTY GOVERNMENT and its officers, employees, agents and other subcontractors harmless against any and all injuries, claims, losses or liabilities which result from any acts or omissions of SUBCONTRACTOR or any SUBCONTRACTOR'S employees, agents or subcontractors in connection with the engagements hereunder or which may otherwise arise in connection with the SUBCONTRACTOR'S engagement hereunder.

ECF NO. 102-3. The contract also contained a provision stating that Belle City "confirms and agrees that he carries public liability insurance with liability limits of not less than $2,000,000 primary coverage. SUBCONTRACTOR will have AMUSEMENTS OF AMERICA, VIVONA FAMILY ENTERTAINMENT, DELTA FAIR INC., AGRICENTER INTERNATIONAL, SHELBY COUNTY GOVERNMENT and their related companies included as an additional named insured under such policy." *Id.*, ¶ 16. Belle City's primary insurance policy through ACE

American Insurance Company ("ACE") provided each of the following are additional insureds: the promotor, the sponsor, the lessor of the premises, the organization that manages the event, and the organization for whom Belle City is performing operations. ECF No. 102-6, Form CG 20 26 07 04.

Belle City provided an electrical generator for the Fair and authorized AOA and Mr. Yearta to use the generator, specifically indicating that the generator was ready to use. ECF No. 102-4, p. 1; ECF No. 102-5, pp. 3, 4. With this authorization, rides owned by Mr. Yearta's employer and AOA were connected to the generator provided by Belle City. *Id.* Because Belle City's generator was not properly grounded, an electrical current flowed through an AOA operated ride and the improperly grounded Belle City generator, and electrocuted Mr. Yearta (the "Incident"). *Id.*

**B. The Lawsuit**

On or around June 12, 2017, Mr. Yearta filed suit against Delta Fair, AOA, Belle City, and Universal Fairs, LLC, for injuries arising out of the Incident. Belle City served its initial disclosures on August 29, 2017, referring to a single insurance policy. (A copy of the relevant excerpts of Belle City's initial disclosures are attached hereto as Exhibit "2"). A single policy was produced following a formal request on July 12, 2018. (A copy of Belle City's counsel's office's response to the request by Delta Fair's counsel for a copy of Belle City's policy is attached hereto as Exhibit "3").

As Plaintiff's injuries were caused by Belle City's failure to properly ground the generator, not only did Belle City face liability for Mr. Yearta's injuries, Belle City owed a contractual duty to indemnify and defend AOA and Delta Fair, as Mr. Yearta's claims "result[ed] from any acts or omissions" of Belle City or its employees, agents, or subcontractors. ECF No. 102-3, ¶ 17. Accordingly, AOA and Delta Fair filed crossclaims against Belle City, asserting a count for

contractual defense and indemnity. ECF Nos. 42 and 96. Despite Belle City's obligations clearly being triggered by the Agreement, however, Belle City refused to fulfill its contractual obligations to defend and indemnify Delta Fair and AOA.

Several months after settlement was reached and funded by Liberty, on March 12, 2019, ACE revealed that it had a second insurance policy with Belle City, providing another $9 million in coverage. (A copy of ACE's response to Liberty's statutory request for insurance information is attached hereto as Exhibit "4"). Of course, by that time, Liberty had settled the underlying case, based in part on the mistaken belief that Belle City lacked the necessary coverage to pay the settlement.

**C. Mediation and Settlement**

The parties agreed to mediate on October 24, 2018. Belle City's behavior leading up to and during the mediation was the epitome of bad faith. Such behavior ranged from Belle City failing to respond to Delta Fair's multiple pre-mediation tenders and the misleading initial disclosures and hiding the existence of an excess policy.

Mr. Yearta was unwilling to consider a settlement that did not include all defendants. ECF No. 102-4, p. 2. Ultimately, in contrast to Belle City, Liberty honored its contractual obligations to AOA and Delta Fair, and negotiated a settlement of $2,075,000, obtaining a great discount from Mr. Yearta's demand. *Id.* Because Mr. Yearta was unwilling to consider settlement of less than all defendants, the settlement included release of claims against Belle City as well, despite Belle City's refusal to participate in the mediation in good faith. The settlement did not include a single dollar for the release of Belle City. *Id.* Instead, Mr. Yearta released Belle City to give closure to the litigation and allow Liberty to pursue Belle City, without a concern over any voluntary payment argument or the parties otherwise competing to recover ACE's limits. Although the case settled

at mediation, the settlement agreement (the "Settlement Agreement") was not executed until December 6, 2018. ECF No. 102-4.

Under the Settlement Agreement, Liberty alone paid the $2,075,000 settlement amount. ECF No. 102-4, ¶ 2; ECF No. 102-9, ¶¶ 7-9. The Settlement Agreement gave Mr. Yearta the right to purchase an annuity with the settlement funds. ECF No. 102-4, ¶ 2.5. Mr. Yearta elected this option to establish a structured settlement. Liberty, Delta Fair, and AOA worked diligently with Mr. Yearta to fund and to set up the structured settlement. ECF No. 102-10. The structured settlement was finalized on or about December 27, 2018. ECF No. 102-9, ¶ 12.

### D. Current Case Status

On January 4, 2019, Belle City filed a Motion for Summary Judgment as to the Crossclaims. ECF No. 101. The Court denied Belle City's motion on January 6, 2020. ECF No. 120. At a status/scheduling conference on February 13, 2020, Belle City requested that discovery be re-opened for six months. Liberty consented to this request. Accordingly, the Court re-opened discovery for six months and a new scheduling order is now in place. The Scheduling Order's relevant deadlines, as amended, include as follows:

- August 17, 2020: Fact Discovery Ends
- November 30, 2020: Expert Discovery Ends
- December 16, 2020: Mediation Deadline
- December 30, 2020: Dispositive Motion Deadline
- May 3, 2021: Trial

ECF No. 133.

## III. LAW AND ARGUMENT

As recognized by the Court in its January 6, 2020 Order, because Liberty funded the

entirety of the settlement funds issued to Mr. Yearta, Liberty is now the only real party in interest to any subrogated claims. Accordingly, the Court appropriately exercised its discretion under Rule 25(c) to substitute Liberty for AOA and Delta Fair based on the transfer of interest in the subrogated claims against Belle City.

As raised in prior motions, however, substitution of Liberty for Delta Fair and AOA alone would not completely protect Liberty's interests in the subrogated claims because new claims against Belle City ripened after settlement of Mr. Yearta's claims. Because these additional claims against Belle City had only recently ripened, Liberty requested leave under Rule 15(a)(2) of the Federal Rules of Civil Procedure to file an amended pleading against Belle City and a new scheduling order to allow discovery on the new claims. ECF No. 113-1.

As recognized by the Court, leave to amend pleadings under Rule 15(a)(2) is to be granted freely when justice so requires. ECF No. 120, p. 12. Indeed, as summarized by the Western District of Tenneesee, "Rule 15 'plainly embodies a liberal amendment policy,' that 'reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings.'" *Chambers v. Tennessee Bd. of Regents*, No. 2:16-CV-02851-JPM-DKV, 2017 WL 3218075, at *2 (W.D. Tenn. July 28, 2017) (internal citations omitted). In the event the amendment of the pleadings would require the modification of the Court's scheduling order, the party seeking the amendment must demonstrate good cause for seeking the amendment. *Interstate Packaging Co. v. Century Indem. Co.*, 291 F.R.D. 139, 145 (M.D. Tenn. 2013). Prejudice to the non-moving party is "merely a consideration that informs whether [the moving party] has satisfied the 'good cause' requirement." *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th Cir. 2010). Upon establishing good cause, the Court proceeds to the permissive Rule 15(a)(2) analysis. *See Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009).

Here, good cause exists for allowing Liberty to file an amended complaint after being substituted in for AOA and Delta Fair. To avoid inundating the Court with duplicative briefing, Liberty incorporates the arguments raised in support of the prior request for leave to amend. ECF No. 113-1, Section III. A, pp. 8-14; ECF No. 118. Based on the Court's January 6, 2020 Order, it appears the Court's basis for denying leave to amend the Complaint to add new claims against Belle City was concern that Belle City would be prejudiced because of the late stage in the litigation. Indeed, the Court noted discovery had already closed, the dispositive motion deadline had passed, and Belle City had filed a motion for summary judgment. ECF No. 120, pp. 13-15. As discovery has now been re-opened for six months (at Belle City's request), dispositive motions are not due until December 30, 2020, and Belle City's prior motion for summary judgment was denied, there is no longer any concern that Belle City would be prejudiced by Liberty being permitted to amend its pleadings.[4] Thus, Liberty renews its prior request for leave to file an Amended Complaint accordingly.

**IV. CONCLUSION**

For the foregoing reasons, Liberty requests it be granted leave to file an amended pleading to address the additional claims against Belle City as good cause exists for such granting such leave.

[4] To the extent the Court was additionally concerned about the case being reshaped and new theories of liability being raised, Belle City has made clear its intent to contest the reasonableness of the settlement, an entirely new issue to the case.

This 5th day of March, 2020.

**FIELDS HOWELL LLP**

*/s/ Gregory L. Mast*
Gregory L. Mast, BPR No. 030681
Paul L. Fields, Jr. (*admitted pro hac vice*)
1180 W. Peachtree Street, Suite 1600
Atlanta, GA 30309
Telephone: (404) 214-1250
gmast@fieldshowell.com
pfields@fieldshowell.com
*Attorneys for Liberty Corporate Capital, Ltd.*

**CERTIFICATE OF CONSULTATION**

Pursuant to Local Rule 7.2(a)(1)(B), the undersigned counsel certifies that he, Gregory Mast, on behalf of Liberty, consulted with Bruce McMullen, on behalf of Belle City, via email on February 19, 2020, regarding Liberty's Renewed Motion for Leave to Amend Its Complaint. After consultation between the parties, on February 25, 2020, Belle City's counsel advised Belle City opposes Liberty's motion.

*/s/ Gregory L. Mast*
Gregory L. Mast, Esq.
BPR No. 030681

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing has been filed with the Clerk of Court and served electronically upon counsel listed below via the CM/ECF system:

Bruce A. McMullen
Mary Wu Tullis
BAKER, DONELSON, BEARMAN, CALDWELL, AND BERKOWITZ, PC
165 Madison Ave., Suite. 2000
Memphis, TN 38103
bmcmullen@bakerdonelson.com
mtullis@bakerdonelson.com
*Attorneys for Belle City Amusements, Inc.*

This 5th day of March, 2020.

*/s/ Gregory L. Mast*
Gregory L. Mast, Esq.
BPR No. 030681