# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **LIBERTY CORPORATE CAPITAL, LTD.**    )<br>)<br>   **Plaintiff,**                                     )<br>)<br>**v.**                                                              )<br>)<br>**BELLE CITY AMUSEMENTS, INC.,**      )<br>)<br>   **Defendant.**                                   ) | **Case No. 2:17-cv-02117-SHM-jay** |

___

## ORDER
___

On March 5, 2020, Plaintiff, Liberty Corporate Capital, Ltd. ("Liberty"), filed a Renewed Motion for Leave to Amend Its Complaint.[1] (Docket Entry ("D.E.") 135.) Defendant, Belle City Amusement, Inc. ("BCA"), filed a Response in Opposition. (D.E. 136.) After receiving leave from the Court, Liberty replied. (D.E. 142.)  Pursuant to Administrative Order No. 2020-10, the Renewed Motion was referred to the undersigned Magistrate Judge for determination. For the reasons set forth below, the Renewed Motion is DENIED.

**Procedural History**

Senior United States District Judge Mays set forth the procedural history of this case in detail in his January 6, 2020, Order. (D.E. 120). In short, Liberty has been substituted as a party in this matter in order to pursue what was originally a crossclaim against BCA. (*Id*.) The original cross-claimants previously attempted to amend their crossclaim against BCA; however, the Court denied their request. (*Id*., PageID 2132-2140.)  In denying the original request to amend by asserting additional claims against BCA, the Judge Mays held that allowing an amendment at the

---

[1] Hereinafter also referenced as the "Renewed Motion."

1

late stage of the case would substantially prejudice BCA. (*Id*., PageID 2134.) Judge Mays pointed to (1) the expiration of the discovery deadline, (2) the expiration of the dispositive motion deadline, and (3) BCA's then pending Motion for Summary Judgment as factors supporting his decision. (*Id*., PageID 2134-135.) Judge Mays further held, "The proposed new claims against [BCA] rest on new theories of liability that would significantly reshape the case at a late stage. For this reason also, allowing amendment would prejudice Belle City." (*Id*., PageID 2135.)

The Court subsequently conducted a status conference (D.E. 132) and a Second Amended Scheduling Order was entered (D.E. 133). The Seconded Amended Scheduling Order set forth new deadlines for discovery and filing dispositive motions, but it did not provide new deadlines for filing amended pleadings. (D.E. 133). Additionally, the Court set the case for trial on May 3, 2021. (*Id*.)

## Arguments of the Parties

Based upon the deadlines set forth in the Second Amended Scheduling Order, Liberty filed its Renewed Motion. (D.E. 135.) Essentially, Liberty contends that it should be granted leave to amend its complaint because the potential prejudice from a late amendment has been ameliorated by the new deadlines contained within the Second Amended Scheduling Order. (*Id*.) Finally, Liberty asserts that permitting an amendment is appropriate pursuant to the Federal Rules of Civil Procedure. (*Id*.)

In response, BCA argues that Liberty has failed to demonstrate that the Court should revisit its previous ruling. BCA also contends that it would still be prejudiced by allowing an amendment at this stage of the case. Moreover, BCA asserts the proposed amendments are futile. Finally, both parties agree that the Renewed Motion is essentially a request for the Court to reconsider its January 6, 2020, Order to the extent said order denied leave to amend the Complaint.

**Ruling**

**I.   The entry of the Second Amended Scheduling Order does not provide a sufficient basis for reconsidering the Court's January 6, 2020, Order.**

In the Sixth Circuit, courts will traditionally find justification for the reconsideration of interlocutory orders when the movant shows, "(1) an intervening change of controlling law; (2) new evidence available; or (3) need to correct clear error or prevent manifest in justice." *Rodriguez v. Tenn. Laborers Health and Welfare Fund*, 89 F. App'x. 949, 959 (6th Cir. 2004.) Furthermore, as noted by BCA, Local Rule 7.3(b) of the United States District Court for the Western District of Tennessee provides that a party seeking revision of an interlocutory order most show:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

*See* Local Rule 7.3(b). Finally, Liberty concedes that "reconsideration of a prior order is appropriate when there is a need to correct a clear error or prevent manifest injustice, and the motion shows a material difference in fact from what was presented to the court previously or the occurrence of new material facts after the order was entered." (D.E. 142, PageID 2675.)

Here, Liberty seeks the reconsideration/review of Judge Mays' prior decision to deny leave to amend. However, Judge Mays had discretion in determining whether to grant leave to amend. *See Tucker v. Middleburg-Legacy Place,* 539 F.3d 545, 551 (6th Cir. 2008). Accordingly, even with the entry of the Second Amended Scheduling Order, Liberty has not shown that Judge Mays prior decision was a clear error or resulted in manifest injustice. Moreover, the undersigned Magistrate Judge finds that the revisions of scheduling deadlines do not constitute new or different material facts that warrant reconsideration or review of Judge Mays' prior order.

## II. The entry of the Second Amended Scheduling Order does not negate Judge Mays' prior holding that permitting an amendment would result in substantial prejudice to BCA.

Assuming, *arguendo,* that reconsideration of Judge Mays' prior order was warranted, Liberty's Renewed Motion should still be denied. The undersigned Magistrate Judge reads Judge Mays' January 6, 2020, Order as denying leave to amend on two grounds.  First, Judge Mays denied leave to amend because of the expiration of discovery and dispositive motion deadline in conjunction with the dispositive motion that was pending at the time. (D.E. 120, PageID 2134-135.)  However, Judge Mays also denied leave to amend simply because the "proposed new claims against [BCA] rest on new theories of liability that would significantly reshape the case at a late stage." (*Id*., PageID 2135.)   This reading is supported by Judge Mays' use of the word "also" in the subsequent sentence of his order. (*Id*. ("For this reason also, allowing amendment would prejudice Belle City.")) While the entry of the Second Amended Scheduling Order may appear to negate Judge Mays basis for denying leave to amend, it does not.

As noted by Judge Mays, in deciding whether to grant leave to amend,

> [C]ourts may consider a number of factors, such as undue delay, bad faith, undue prejudice, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[S]ubstantial prejudice to the opposing party" is a "critical factor[] in determining whether an amendment should be granted." *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (citation omitted).

(D.E. 120, PageID 2134.) Judge Mays then found that permitting an amendment in this case would be substantially prejudicial to BCA.  (*Id*., PageID 2134-136.) In reaching his decision, Judge Mays cited *Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (affirming denial of motion for leave to amend where the dispositive motion deadline had passed, the defendant had filed a motion for summary judgment, and "the addition of new [] claims would have resulted in prejudice to defendants at such a late stage in the litigation"); *Wade v. Knoxville*

4

*Util. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (affirming denial of motion for leave to amend where "significant discovery ha[d] been completed" and "defendant ha[d] filed a motion for summary judgment on all claims alleged in the original complaint"); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ("[A]llowing amendment after the close of discovery creates significant prejudice."); *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (affirming denial of motion for leave to amend given the "prejudice that [the defendant] would suffer if the Plaintiffs were permitted to 'recast' their claims at this late stage"); *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 834 (W.D. Tenn. 2010) ("[T]he court may deem it prejudicial if the Plaintiff, in the latter stages of litigation, presents an alternative theory of recovery that substantially changes the theory on which the case has been proceeding." (D.E. 120, PageID 2134-2136.)

Here, granting Liberty leave to amend, would still result in substantial prejudice to BCA. This entire action has been pending for over three years. The parties have all expended substantial time and resources litigating the issues that are currently at stake. Therefore, despite the revised deadlines, permitting new theories of liability at this stage of the ligation would substantially prejudice BCA. The fact that discovery has been reopened and/or new dispositive motion deadlines have been set does not give Liberty to ability to "recast" its claims at this late stage of the case. Accordingly, Liberty's Renewed Motion (D.E. 135) is DENIED.

IT IS SO ORDERED this 23rd day of April, 2020.

**s/ Jon A. York**
**UNITED STATES MAGISTRATE JUDGE**

**IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER. *SEE* FED. R. CIV. P. 72; LOCAL RULE 72(g)(1). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**